**Maurice E. BABER, Plaintiff,**

v.

**Louis R. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV 487–304.**

United States District Court,
S.D. Georgia,
Savannah Division.

Feb. 5, 1990.

Robert Rosenblum, Savannah, Ga., for plaintiff.

Henry L. Whisenhunt, Jr., Augusta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

After a careful review of the file, the Court concurs with the Magistrate's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate is adopted as the opinion of the Court. Attorney's fees in the amount of $4,945.50 and costs in the amount of $154.50 are hereby GRANTED under the provisions of 28 U.S.C. § 2412(d), Equal Access to Justice Act.

SO ORDERED.

## ORDER

JOHN W. DUNSMORE, Jr., United States Magistrate.

Let a copy of this Report and Recommendation be served upon counsel for the parties. Any party who objects to this Report and Recommendation or anything in it must file, not later than January 31, 1990, specific objections with the Clerk of this Court. The Clerk shall submit this Report and Recommendation together with any objections to the Honorable B. Avant Edenfield, United States District Judge, on February 1, 1990. Failure to file specific objections will bar any later challenge or review of the factual findings of the Magistrate. See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (*en banc*). In order to challenge the findings and recommendations of the Magistrate, a party must, by January 31, 1990, file with the Clerk of the Court written objections which shall specifically identify the portions of the proposed findings and

SO ORDERED at Augusta, Georgia this 18th day of January, 1990.

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff Maurice E. Baber's attorney brings before this Court his application for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d) (Supp. IV, 1986). Plaintiff began his pursuit for disability benefits on April 14, 1986. After unsuccessfully proceeding through the administrative process, he filed a complaint in this Court on November 18, 1987. On April 25, 1989, the Court remanded this matter to the Secretary for further consideration. On August 7, 1989 an administrative law judge, following a second hearing, issued a favorable recommendation to the plaintiff, which was later adopted by the appeals council on September 15, 1989. Thereafter, this Court affirmed the action of the Secretary, which was followed by the November 13 application for attorney's fees and expenses. 28 U.S.C. § 2412(d)(1)(B). In that petition for fees and expenses under the EAJA, plaintiff's counsel has requested attorney's fees in the amount of $5,514.23 for 54.95 hours at a rate of $100.35 per hour and costs in the amount of $154.50. The Secretary filed his opposition to the plaintiff's application for attorney's fees on November 28, 1989. In that brief, the Secretary concedes that his position in defending this case was not substantially justified. I concur, and find that the Secretary's position was not justified to the degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Neither does the Secretary object to the number of hours claimed by counsel in his petition, nor the amount sought for costs. The Secretary's objection is to the hourly rate at which the plaintiff asks to be compensated.

Section 2412(d)(2)(A) of the EAJA states that:

[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee.

Plaintiff's counsel argues that the statutory cap of $75 should be raised to $100.35 per hour due to a 33.8% increase since October of 1981 in the Consumer Price Index.

█ The Secretary clearly recognizes that the EAJA allows for an adjustment in changes in the cost of living, but argues that it is not absolutely required. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir.1984). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area. *Id.* The Secretary is also correct that while Congress permitted an adjustment for inflation to be factored in calculating an EAJA award, it did not require that cost-of-living adjustments be automatic. *Id.* at 1083. The decision as to whether attorney's fees shall exceed the $75 cap rests then entirely within the Court's discretion. The United States District Court for the Southern District of Georgia has on a number of occasions over the past several years used the Consumer Price Index as a guide as opposed to a rule in awarding a fee in excess of $75 per hour under the EAJA. *Joiner v. Bowen*, CV 487–176 (December 1, 1988); *Rahal v. Bowen*, CV 487–134 (May 3, 1989); *Williams v. Sullivan*, CV 488–073, 1989 WL 225795 (December 11, 1989). I find in this regard that prevailing attorneys who apply for fees and costs under the EAJA are entitled to have this Court consider a fee award in excess of $75 per hour unless the quality of the work is of such caliber that a lesser fee is mandated. Attorneys who diligently and effectively represent their clients and who in that pursuit obtain substantial benefits should be entitled to an adjustment for inflation which the EAJA specifically recognizes. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir.1988).

█ In determining whether an hourly rate should be set above the statutory cap, the Court should begin by looking at the "prevailing market rates" for services of like quality and kind. *Jean v. Nelson*, 863 F.2d at 773. In doing so the Court will examine in the relevant legal community the prevailing market rate for similar services by lawyers of reasonable comparative skills, experience and reputation. *Norman v. Housing Authority of City of Montgomery*, 863 F.2d 1292, 1299 (11th Cir.1988). Oftentimes, market rates will exceed the EAJA $75 cap, and this alone does not justify the Court's awarding an upward increase in the hourly rate. *Id.* In *Pierce v. Underwood, supra*, the Supreme Court explained that when the EAJA was enacted by Congress, it "thought that $75 was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be." *Pierce v. Underwood*, 108 S.Ct. at 2554. Plaintiff's attorney has ten years of substantial experience in the area of social security disability law in federal court. I find that with such experience an attorney in the Savannah area would generally command a fee higher than $75 per hour. Affidavits of Savannah attorneys Charles R. Ashman, Lester V. Johnson, III, and Prince Albert Jackson, III, cause me to find that a fee of $100 per hour would generally be commanded for an attorney with the experience of plaintiff's counsel. Unquestionably, the cost of living has increased substantially since the passage of the EAJA in 1981, and the 1985 enactment, even though both versions set $75 per hour as a cap. In fact, inflation, like time, continues to run, and while I found in November, 1988 in *Joiner v. Bowen*, CV 487–176 that $85 was a fair and reasonable fee for an attorney in Savannah, Georgia, under the EAJA, inflation has continued to mount since that time. In *Baker v. Bowen*, 839 F.2d at 1084 (5th Cir.1988) I find a clear recognition that if there has been a significant difference in the cost of living since 1981 in a particular

locale, that a fee increase should be awarded.

With due recognition to the experience and expertise of plaintiff's counsel, I find and recommend that an hourly rate of $90 per hour is reasonable when factoring in the Consumer Price Index as a guide for an attorney in Savannah, Georgia, to be compensated under the EAJA. Therefore, I find and recommend that plaintiff's counsel be awarded $90 per hour for 54.95 hours of work.

 I agree and concur with the Secretary that there are no "special factors" in this case which would of itself warrant an increase in the hourly rate. In *Pierce*, the Supreme Court narrowly construed "special factors" to refer to attorneys "having some distinctive knowledge or specialized skill needful for the litigation in question-as opposed to an extraordinary level of general lawyerly knowledge and ability useful in all litigation." *Id.* 108 S.Ct. at 2254. Thus, a plaintiff's attorney must show more than a shortage of qualified attorneys willing to take a case for $75 per hour or less before the EAJA special factor exception for "limited availability of qualified counsel" becomes applicable. *Jean v. Nelson*, 863 F.2d at 774. This has not been established.

### CONCLUSION

I find and recommend that $90 per hour be awarded in the computation of attorney fees, for an award of $4,945.50. I further find that plaintiff's attorney receive an additional $154.50 for costs associated with this case.

SO REPORTED AND RECOMMENDED at Augusta, Georgia, this 18th day of January, 1990.