**Priscilla L. WEBB, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security [1], Defendant.**

**No. 1:06–cv–423–CAM.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 6, 2007.

---

1. Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Fed.R.Civ.P. 25(d)(1), Michael J. Astrue therefore should be substituted for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

John Helpenstell Bedford, for Plaintiff.

Stephen H. McClain, U.S.Attorney's Office, Atlanta, GA, Mary Ann Sloan, Regional Chief Counsel, Robert E. Hodum, Jr., Assistant Regional Counsel, Social Security Administration, Atlanta, GA, for Defendant.

## ORDER

CHARLES A. MOYE, JR., District Judge.

The above-styled action is before the court on 1) Plaintiff's application for attorney's fees [# 17], and 2) Defendant's motion to file a sur-reply brief [# 20].

### I. *APPLICATION FOR ATTORNEY'S FEES.*

Plaintiff petitions this court for an award of attorney's fees in the amount of $5,694.43, expenses of $18.80 and costs of $250.00 to be paid to her attorney pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The EAJA permits a prevailing party in a case against the government to obtain an award of attorney's fees from the government. Given that the EAJA constitutes a partial waiver of the United States' sovereign immunity, the statute must be strictly construed. *See Jean v. Nelson,* 863 F.2d 759, 775 (11th Cir.1988), *aff'd, INS v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The court must strictly construe waiver in favor of the sovereign and not enlarge it beyond what the language in the statute requires.

The EAJA requires the party seeking such fees to make the following showings:

(1) That he is the "prevailing party" in a civil action brought by or against the United States;

(2) that the application for EAJA fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action;

(3) that the position of the government is not substantially justified; and

(4) no special circumstances make an award unjust.

The absence of any one of the above factors shall preclude an award of fees. 28 U.S.C. § 2412(d)(1)(A)(B). Here, Defendant acknowledges that Plaintiff is the prevailing party. In addition, Defendant does not argue that the final administrative decision was substantially justified. Defendant argues, however, that special circumstances in this case make an award of attorney's fees unjust.

The district courts "retain a measure of discretion in applying the special circumstances exception, a doctrine founded in equitable concepts." *Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir. 1985). Nonetheless, "the judicially imposed [special circumstances] provision should be narrowly construed so as not to interfere with the congressional purpose in passing such statutes." *Id.* at 1150. Furthermore, the defendants "bear the burden of proving the existence of special circumstances." *Id.See also Crowder v. Housing Authority of City of Atlanta*, 908 F.2d 843 (11th Cir.1990).

In support of his argument, Defendant points out that this court explicitly determined that remand was warranted on only one of the five separate issues raised by Plaintiff, namely, whether Plaintiff's work as a school cafeteria cashier constituted past relevant work. The court noted that the final decision did not contain any analysis to support the ALJ's conclusion that Plaintiff's work constituted past relevant work as that term is defined under applicable law. The court remanded this case so that the ALJ could discuss Plaintiff's earnings and relevant regulations and then articulate the reasons why Plaintiff's work constituted past relevant work.

The Final Report and Recommendation, which this court adopted without any objections by either party, also stated as follows:

> [T]he issue of whether Plaintiff's job as a cashier constituted past relevant work

was never raised before the ALJ. The attorney currently representing Plaintiff also represented her at the administrative hearing before the ALJ. [Docs. 11, 13; R. at 331–68]. And yet, the transcript of the hearing indicates that Plaintiff's attorney did not bring up the issue of Plaintiff's earnings as a cashier at any point while the case was in front of the ALJ. The whole tenor of the hearing reveals an assumption by all involved that Plaintiff's work as a cashier was, in fact, past relevant work. There is also no evidence that Plaintiff's attorney raised the issue before the Appeals Council. [R. at 8, 331–68].

Social Security regulations provide that a claimant's representative has an affirmative duty to "[a]ct with reasonable promptness to obtain the information and evidence that the claimant wants to submit in support of his ... claim, and forward to [the Commissioner] as soon as practicable." 20 C.F.R. § 404.1740(b)(1); 20 C.F.R. § 416.1540(b)(1). A claimant's representative also has a duty to "[c]onduct his or her dealings in a manner that furthers the efficient, fair and orderly conduct of the administrative decisionmaking process, including duties to: (I) Provide competent representation to a claimant.... This includes knowing the significant issue(s) in a claim...." 20 C.F.R. § 404.1740(b)(3); 20 C.F.R. § 416.1540(b)(3). Because Plaintiff's counsel failed to raise "the significant issue" of Plaintiff's past relevant work, this case must be remanded in order to allow the ALJ to address an issue that could have been raised at the administrative hearing almost four years ago. The failure to raise this issue significantly hindered the "efficient, fair and orderly conduct of the administrative decisionmaking process." While this preventable delay has no bearing on

Plaintiff's disability determination, case-law indicates that the lack of diligence exhibited by Plaintiff's counsel may be relevant to an award of attorney's fees. See *Wimpy v. Barnhart,* 350 F.Supp.2d 1031, 1034–36 (N.D.Ga.2004). Accordingly, this issue may be raised by the Commissioner in response to any request for fees.

(Final Report and Recommendation, pp. 20–22).

 In making a disability determination, the ALJ has an obligation to develop the record and investigate the facts, thereby developing arguments both for and against granting benefits. *Sims v. Apfel,* 530 U.S. 103, 110–11, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). However, the ultimate responsibility of proving disability and providing evidence to support the claim lies with a plaintiff. *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir.2003). Plaintiff's counsel could have, and should have, raised the issue of past relevant work before the ALJ. The ALJ gave Plaintiff's counsel the opportunity to make an opening statement, but he declined. (Tr. 334). During the hearing, the ALJ questioned Plaintiff about her work as a cashier. (Tr. 336–37). The ALJ asked the vocational expert ("VE") to classify Plaintiff's past relevant work, and the VE testified that Plaintiff's past work as "cashier II" was a light, unskilled job that required only an "average" level of manual dexterity. (Tr. 363). When given the opportunity to cross-examine the VE, Plaintiff's counsel asked some questions, but he never indicated to the VE or the ALJ that he believed that Plaintiff's earnings might not qualify the cashier job as past relevant work. (Tr. 365–66). The ALJ gave Plaintiff's counsel an opportunity to ask the VE additional questions and a further opportunity to add anything to the record, but he declined. (Tr. 366–67).

 In opposition, plaintiff asserts that both the Magistrate Judge and Defendant are mistaken in stating that plaintiff failed to argue to the Appeals Council that her past relevant work as a school cafeteria cashier was not substantial gainful activity. Plaintiff's counsel apparently wrote a letter dated February 24, 2004, to the Appeals Council in which he argued that plaintiff's part-time work as a school cashier was not past relevant work. As plaintiff acknowledges, this letter was not contained in the record evidence. Plaintiff has now submitted a copy of this missing letter as an exhibit to her reply brief in support of her application for attorney's fees. Moreover, plaintiff did not inform this court to correct the alleged misstatement in the Report and Recommendation.[2] The court notes that Plaintiff did not file any objections or responses to the Report and Recommendation despite the express notice that any application for attorney's fees would likely be challenged based on a lack of diligence in handling this case. Notwithstanding the missing letter, it is undisputed that plaintiff did not raise the

---

**2.** More specifically, the Report and Recommendation stated that "[t]here is also no evidence that Plaintiff's attorney raised the issue before the Appeals Council." In view of the fact that Plaintiff only indicated that she raised the issue to the Appeals Council in a footnote in her original brief on the merits of this case without submitting the missing letter or discussing the substance of the missing letter, and the fact that Plaintiff did not submit a copy of the missing letter until she filed her reply brief in support of her application for attorney's fees, the Magistrate Judge's conclusion that there was "no evidence" is not plainly erroneous. When a party fails to object to a magistrate judge's report, that party is barred from attacking factual findings in the report adopted and accepted by the district court except upon grounds of plain error or manifest injustice. *See Hardin v. Wainwright,* 678 F.2d 589 (11th Cir.1982).

past relevant work argument before the ALJ.

Had Plaintiff's counsel addressed the issue at hand before the ALJ, this litigation likely could have been avoided. Equitable considerations weigh in favor of disallowing Plaintiff's counsel to collect a fee under the EAJA. *See Wimpy v. Barnhart,* 350 F.Supp.2d 1031, 1034–36 (N.D.Ga.2004) (denying attorney's fees where the "origin of the litigation was plaintiff's own negligence."). If the court awards attorney's fees under these circumstances, it will not only reward the attorney's lack of diligence in this case but effectively would send a message that the Social Security claimant's attorney does not need to be adequately prepared to present and make relevant arguments and inquiries at the administrative level because any defects in his or her presentation presumably will be remedied by the Federal Court and paid for by the Government at the taxpayer's expense on appeal.

Therefore, the court concludes that special circumstances exist in this case that make an award of attorney's fees under the EAJA unjust.

## II. *MOTION FOR LEAVE TO FILE A SUR–REPLY.*

Defendant moves for permission to file a sur-reply brief to Plaintiff's reply brief in support of her application for attorney's fees because Plaintiff had attached a new document (i.e., Plaintiff's February 24, 2004, letter to the Appeals Council) that was not contained in the administrative record and had never been previously presented to the court. Defendant points out that Plaintiff presented that document in support of raising a new argument in her reply brief that was not raised in the initial brief. The court hereby GRANTS Defendant's motion so that he can address this argument in his sur-reply brief. Accordingly, Defendant's sur-reply

brief and Plaintiff's response thereto have been duly considered in this court's ruling on Plaintiff's application for attorney's fees.

### *CONCLUSION*

In sum, the court hereby 1) DENIES Plaintiff's application for attorney's fees [# 17], and 2) GRANTS Defendant's motion to file a sur-reply brief [# 20].