**James McCULLOUGH, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. 2:07–cv–557–FtM–DNF.**

United States District Court,
M.D. Florida,
Ft. Myers Division.

July 2, 2008.

Carol Ann Avard, Douglas D. Mohney, Avard Law Offices, PA, Cape Coral, FL, Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for Plaintiff/Defendant.

Javier M. Guzman, U.S. Attorney's Office, Tampa, FL, for Defendant.

## ORDER

DOUGLAS N. FRAZIER, United States Magistrate Judge.

On May 12, 2008, the Plaintiff filed a Petition for Attorney Fees (Doc. 35). The Commissioner of Social Security of the Social Security Administration ("Commissioner") filed an Opposition (Doc. 36) on May 22, 2008. The Plaintiff filed a Motion to Supplement the Petition for EAJA Fees and Reply to Defendant's Objections (Doc. 37) on June 2, 2008, and on June 6, 2008, the Commissioner filed his Opposition (Doc. 38). The Court has determined that Plaintiffs Reply (Doc. 37) is not material to the review and resolution of the fee dispute and is due to be denied.

The Plaintiff sought judicial review of the final decision of the Commissioner denying his claim for social security disability, Disability Insurance Benefits, and Supplemental Security Income. The parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge, and an Order of Reference (Doc. 17) was entered on November 30, 2007 by the Honorable John E. Steele. The decision of the Commissioner was reversed and remanded (Doc. 33) to allow the administrative law

judge ("ALJ") to order a consultative mental examination with psychological testing of the Plaintiff and to have the ALJ obtain evidence of whether the Plaintiff was suffering from a severe mental impairment or a severe substance abuse impairment. Judgment (Doc. 34) was entered on April 10, 2008.

## A. Entitlement to Fees and Expenses

■ In order for the Plaintiff to be awarded fees under the Equal Access to Justice Act ("EAJA"), the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

The Commissioner does not dispute that the Plaintiff is the prevailing party in this case, nor does the Commissioner maintain that his position in originally denying the Plaintiff's claim was substantially justified. However, it is the Commissioner's position that special circumstances make an award of attorney fees unjust. Specifically, the Commissioner claims that the negligence of Plaintiff's administrative attorney caused the ALJ to incorrectly determine that Plaintiff's mental impairments had not lasted for a continuous twelve-month period. The Commissioner maintains that had this negligence not occurred, the federal court proceedings likely could have been avoided.

■ The special circumstances provision set forth in the EAJA should be "narrowly construed" so as not to interfere with Congress's purpose in passing such statutes, and a defendant opposing an award of attorney fees bears the burden of proving the existence of special circumstances. *Martin v. Heckler,* 773 F.2d 1145, 1150 (11th Cir.1985). To support Ms position, the Commissioner cites *Webb v. Astrue,* where the District Court for the Northern District of Georgia held that the plaintiffs failure to raise past relevant work in violation of Social Security regulations was a special circumstance, rendering an award of attorney fees unjust. *Webb v. Astrue,* 525 F.Supp.2d 1329 (N.D.Ga.2007). *Webb* is not controlling, nor are the facts analogous with the instant case.

■ Unlike the instant case, in *Webb* the same attorney represented the plaintiff at her administrative hearing and throughout her litigation, including her petition for attorney fees. *Id.* at 1332. Because the plaintiff's attorney failed to mention the plaintiff's past work in the hearing before the ALJ, and there was no evidence of relevant work in the record, the *Webb* court determined that special circumstances existed. *Id.* at 1333–34. In the instant case, in his Opposition to Plaintiff's Request for Attorney Fees (Doc. 36), the Commissioner admits that the records of the Plaintiffs doctor, who had diagnosed Plaintiff's mental impairment and prescribed medication for a two-year period, were a part of the administrative record.

■ Though the claimant has the ultimate responsibility of proving disability and, consequently, of providing evidence to support his claim, *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir.2003), the ALJ has an obligation to develop the record and investigate the facts. *Sims v. Apfel,* 530 U.S. 103, 110, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). In *Webb,* the ALJ had no opportunity to investigate the plaintiffs work

history, because the history was not in the record; in the instant case, the ALJ had the opportunity to adequately address the facts documented in the record but failed to do so. Thus, the Commissioner's position has no merit, and any negligence on the part of Plaintiff's attorney does not constitute a special circumstance sufficient to justify denial of attorney fees. The Court finds that all of the conditions for the EAJA fees have been satisfied and that the Plaintiff is entitled to attorney fees.

**B. Calculation of Reasonable Attorney Fees**

EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988), *aff'd* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134(1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The Plaintiff seeks attorney fees in the amount of $5,371.25 for 31.4 hours (2.4 hours in 2007 at $168.75 per hour, 29 hours in 2008 at $171.25 per hour) and $393.88 (2.3 hours at $171.25 per hour) for preparation of the fee petition. In addition, the Plaintiff requests paralegal fees of $36.00 (0.60 hours at $60.00 per hour) and expenses in the amount of $2.25, for a total of $5,803.38. The Court finds that the hourly attorney fee rate is reasonable in light of the current Consumer Price Index, and the government does not object to the rate.

However, the Commissioner maintains that Plaintiff's attorney should not be compensated for the 3.8 hours expended after the Commissioner filed the Motion for Remand (Doc. 29). The Plaintiff filed a Response to Defendant's Motion for Remand (Doc. 30), in which he unsuccessfully objected to a remand for an evaluation of any alleged drug problem and requested that the Court reassign the case to a different ALJ on remand because the accusations of drug use corrupted the decision. Although the Plaintiffs motion ultimately failed, a fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised. *Jean v. Nelson,* 863 F.2d at 771 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Plaintiff should only be denied fees for hours that were not reasonably expended. *Jean v. Nelson,* 863 F.2d at 771; *see also Ferguson v. Apfel,* 2000 WL 709018, 69 Soc. Sec. Rep. Serv. 96, (E.D.N.Y.2000) (finding hours expended opposing Commissioner's remand were reasonable because, although the motion in opposition ultimately failed, it was not specious or meritless). Though the Plaintiffs requests were not granted by the Court, they were not specious, and Plaintiffs attorney had reason to believe that the Court would consider the requests. Thus, Plaintiffs attorney is entitled to fees for these hours.

Similarly, Plaintiff's attorney is entitled to fees for the 1.7 hours expended in connection with Plaintiff's Motion to Direct Defendant to Supplement the Transcript (Doc. 24). The Office of Disability Adjudication and Review could not produce the requested documents, and this Court denied the Motion (Doc. 28), finding that the missing documents were not material to the review of the ALJ's decision. However, Plaintiffs request was not unreasonable, and fees for the preparation of the Motion should be awarded.

The Commissioner also maintains that the Plaintiff should not be permitted to bill the government for paralegal time for secretarial tasks, and that any compensation received for paralegal ser-

vices should be reimbursed to the attorney at the cost to her and not at the market rate of $60.00 per hour. Attorney fees are recoverable under the EAJA only to the extent that the attorney or the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d at 778. Paralegal services for Plaintiff's case involved electronic filing, work that is neither clerical nor secretarial in nature. Further, paralegal services are recoverable as fees under the EAJA and are entitled to be billed at prevailing market rates. *Richlin Security Service Co. v. Chertoff*, — U.S. —, —, 128 S.Ct. 2007, 2014, 170 L.Ed.2d 960 (2008). Plaintiff is therefore entitled to fees for paralegal services at the rate requested.

## C. Appropriate Recipient of Fees

 Counsel requests that attorney fees be awarded directly to her rather than to her client. In *Reeves v. Astrue*, 526 F.3d 732 (11th Cir.2008), the Eleventh Circuit decided the issue of whether EAJA fees should be awarded to the party or to the party's attorney. *Reeves v. Astrue*, 526 F.3d at 734. The Eleventh Circuit first looked to the express language of the EAJA statute which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Eleventh Circuit determined that the statute's explicit language awarded attorney's fees to the prevailing party and not to the prevailing party's counsel. *Reeves*, 526 F.3d at 734–735.

In the instant case, the Plaintiff has executed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agree-

ment—Federal Court. (Doc. 32–2). In that agreement, the Plaintiff, James McCullogh assigned "any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (Doc. 35). The Court does not interpret *Reeves* as preventing an assignment of fees, and therefore, the Court will make the fees payable directly to Plaintiffs counsel.

**IT IS HEREBY ORDERED:**

1. The Plaintiffs Petition for EAJA Fees (Doc. 35) is granted. The Court awards attorneys fees in the amount of $5,765.13, paralegal fees in the amount of $36.00, and costs in the amount of $2.25, for a total award of $5,803.38 which shall be made payable to the Plaintiffs attorney.

2. The Plaintiffs Motion to Supplement the Petition for EAJA Fees and Reply to Defendant's Objections (Doc. 37) is denied.

3. The Clerk shall enter an Amended Judgment accordingly.