[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11404

_____

D. C. Docket No. 05-01219-CV-2-TFM

MAXIE D. REEVES,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(May 5, 2008)**

Before BLACK, CARNES and COX, Circuit Judges.

BLACK, Circuit Judge:

The question presented in this case is whether an award of attorney's fees granted under 28 U.S.C. § 2412(d)(1)(A) belongs to the party or to the party's attorney. We conclude the statute unambiguously grants an award to the "prevailing party." Accordingly, we hold the award belongs, in the first instance, to the party and not the party's attorney. We therefore affirm the district court's conclusion that the award in the instant case belonged to the prevailing party, Maxie D. Reeves, and could therefore be offset to pay Reeves' child support debt.

## I. BACKGROUND

Maxie D. Reeves filed a civil action against the Commissioner of Social Security challenging a denial of disability benefits. The district court reversed the denial and remanded Reeves' case back to the Social Security Administration for further administrative proceedings. As the prevailing party in the action, Reeves petitioned the district court for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(a) and (d). The Commissioner agreed Reeves was entitled to an EAJA award, and the district court awarded Reeves $4,201.83 for attorney's fees and expenses associated with the action.

The Social Security Administration initiated payment of the award through the Department of the Treasury, which issued a check payable to Maxie D. Reeves.

2

Reeves never received the check, however, because the Treasury Department diverted the entire payment to the Chilton County Department of Human Resources to offset an unpaid child support debt owed by Reeves.

Reeves filed a motion challenging the offset. He argued the EAJA award should not have been used to offset his personal debt because the award did not belong to him personally; rather, the award belonged to his attorney. The district court, relying on this Circuit's decision in *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506 (11th Cir. 1988), determined the award in fact belonged to Reeves as the "prevailing party" under the EAJA, and concluded the award was therefore subject to offset. Reeves appealed.

On appeal, Reeves argues the district court erred as a matter of law when it determined the EAJA award belongs to the party. Reeves maintains the award belongs to his attorney and argues the offset of the award was therefore an unlawful offset because no mutuality of debt existed between the parties.

## II. DISCUSSION

To resolve this appeal we must first interpret the EAJA, 28 U.S.C. § 2412(d)(1)(A), in order to determine whether attorney's fees awarded under the EAJA are payable to Mr. Reeves or to his attorney. We must then decide whether those fees could be offset by the Treasury Department for Reeves' unpaid child support debt.

A.    *Whether EAJA Attorney's Fees are Awarded to the Party or to the Party's Attorney.*

We review the district court's interpretation of a statute *de novo. Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275 (11th Cir. 2006). Statutory interpretation begins and ends with the text of the statute so long as the text's meaning is clear. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222-25 (11th Cir. 2001). "[I]f the statute speaks clearly to the precise question at issue, we must give effect to the unambiguously expressed intent of Congress." *Barnhart v. Walton*, 535 U.S. 212, 217-18, 122 S. Ct. 1265, 1269 (2002) (internal quotations and citation omitted). Where a statute is unambiguous "we need not, and ought not, consider legislative history." *Harry v. Marchant*, 291 F.3d 767, 772 (11th Cir. 2002); *see also Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc).

The EAJA contains a fee shifting device applicable in civil suits against the United States. The text of the statute provides "a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that *party* in any civil action . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). We conclude the statute's explicit reference to the "prevailing party" unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney. *Accord Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007).

Not only is our conclusion firmly rooted in the text of the statute, it parallels our prior interpretation of identical "prevailing party" language within the very same statute. *See Panola*, 844 F.2d at 1509-11. In *Panola*, we were called on to determine whether an attorney was eligible to *apply* for attorney's fees under 28 U.S.C. § 2412. *See id.*; 28 U.S.C. § 2412(d)(1)(B) (indicating a "party" may apply for fees and expenses if they submit an application showing they are the "prevailing party"). Relying on the "straightforward 'prevailing party' language in the EAJA," we held a party's former attorney had no right to intervene in an action for the purpose of seeking attorney's fees because the attorney was not the prevailing party. *Id.* at 1507, 1511-15. While the question of who *receives* the

5

award of attorney's fees was not squarely before us in *Panola*, we commented at the time that "§ 2412(d)(1)(A) provides for an award of fees and other expenses *to a private party* who prevails in any civil action (other than cases sounding in tort) against the government . . . ." *Panola*, 844 F.2d at 1510 n.12 (emphasis added).

Reeves distinguishes *Panola* as only resolving who may apply for fees, and he invites us to import the logic relied upon in a Truth-in-Lending case, *Plant v. Blazer Fin. Serv., Inc.*, 598 F.2d 1357 (5th Cir. 1979),[1] to our interpretation of the EAJA. In *Plant*, the former Fifth Circuit held: "in a truth-in-lending action an award of attorney's fees is not subject to setoff against the debtor's outstanding debt to the creditor." *Id.* at 1365. Reeves correctly notes this holding in *Plant* is binding precedent in this Circuit; however, Reeves' case is not a truth-in-lending case. Reeves is therefore incorrect to the extent he suggests this panel is bound to apply the principle articulated in *Plant* that "the fee once awarded becomes in effect an asset of the attorney, not the client." *Plant*, 598 F.2d at 1366. The *Plant* panel articulated this principle in the context of interpreting different language in a different statute and it did so only *after* concluding the text of the statute at issue was ambiguous and legislative history was of no help. *See id.* at 1365. To the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

contrary, here we conclude the "prevailing party" language of the EAJA presents a directive so clear that we do not reach policy-based arguments, such as those considered in *Plant*. *See id.* at 1365-66.[2]

The Supreme Court has instructed, "[a] term appearing in several places in a statutory text is generally read the same way each time it appears." *Ratzlaf v. United States*, 510 U.S. 135, 143, 114 S. Ct. 655, 660 (1994). This cannon of construction and our prior interpretation of the statute bolster our conclusion in the instant case: Congress used the same "prevailing party" language because it intended the person who applies for an EAJA award and the person who receives the award to be one and the same—the prevailing party.

As previously recognized in *Panola*, there are other provisions within § 2412 which rule out the attorney as the prevailing party. *Panola*, 844 F.2d at 1511. In contrast to § 2412(d)(1)'s specific reference to the "party" as the entity who applies for and is awarded fees, the statute lumps the services of attorneys into the same category as "expert witnesses, engineers, scientists, analysts, or other persons found by the court to be necessary for the preparation of the party's case." *Id.*; *see* 28 U.S.C. § 2412(d)(2)(A) (defining "fees and other expenses" and

---

[2] While we acknowledge the Fifth Circuit has since extended the principle articulated in *Plant* to its interpretation of 26 U.S.C. § 7430, which authorizes the award of attorney's fees to "the prevailing party," *see Marre v. United States*, 117 F.3d 297, 303-05 (5th Cir. 1997), we decline to do so here in the context of interpreting § 2412(d)(1)(A) of the EAJA.

indicating they may include "reasonable attorney fees").  In *Panola*, we concluded

the structure of the statute demonstrates Congress did not intend all service

providers to become additional parties to the action for the purpose of asserting

their claims for compensation.  *See* 844 F.2d at 1511.  It is equally implausible

Congress intended EAJA fees be awarded directly by the court to each service

provider on an individual basis.  Rather, the statute plainly contemplates that the

prevailing party will look to the opposing party for costs incurred, while attorneys

and others service providers must look to the party for compensation for their

services.  *Id.*; *see also* 28 U.S.C. § 2412(d)(1)(B) (requiring prevailing party

submit fee application with itemized statement from attorney detailing time spent

and rates charged); 28 U.S.C. § 2412(d)(2)(B) (conditioning eligibility for

attorney's fees upon wealth of prevailing party, not wealth of attorney); *Manning*,

510 F.3d at 1251.

Section 406(b) of the Social Security Act serves as a useful point of

comparison and further supports our conclusion that the EAJA award is made to

the prevailing party, and not to the prevailing party's attorney.  Congress provided

another avenue for collecting attorney's fees within the Social Security Act.  *See*

42 U.S.C. § 406(b)(1).  The text of this provision stands in stark contrast to the

prevailing party language of the EAJA.  Section 406(b) provides that whenever a

court renders a favorable judgment to a claimant it may allow a reasonable attorney fee, and the Commissioner may "certify the amount of such fee for payment *to such attorney*" out of the claimants' past-due benefits. *Id.* § 406(b)(1)(A) (emphasis added). Because the Social Security Act, unlike the EAJA, expressly provides for payments to the attorney, the Tenth Circuit has concluded:

> Congress knows what language to use to award attorney's fees to an attorney and what language to use when it chooses to award the fees to the prevailing party. Congress could have worded the EAJA statute to award attorney's fees to the attorney, but it did not do so.

*Manning*, 510 F.3d at 1252. We agree.

Despite the ample textual support for our view, Reeves points to two other provisions of the EAJA which he believes mandate a different conclusion. First, Reeves warns our interpretation of the statute runs afoul of Congress's explicit findings and purpose enacted as part of the EAJA. "Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'" *Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S. Ct. 2248, 2253 (1989) (quoting Equal Access to Justice Act, Pub. L. No. 96-481, § 202, 94 Stat. 2325 (1980) (codified at 5 U.S.C. § 504 note,"Congressional Findings and Purpose")). Reeves argues interpreting the EAJA in a way which allows fee awards to be seized for purposes other than

9

paying attorneys undercuts Congress's intent to level the playing field for private individuals engaged in litigation against the government. While we acknowledge there is a risk that individuals who owe debts subject to offset by the government may ultimately have a more difficult time paying the bill for litigation, we cannot use Congress's general statements of findings and purpose to override the plain meaning of specific provisions of the Act. *See Samuels v. District of Columbia*, 650 F. Supp. 482, 484 (D.D.C. 1986).

Reeves' second textual argument is based on an uncodified clause of the EAJA, which "harmonized fees payable by the Government under EAJA with fees payable under § 406(b)" of the Social Security Act. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 1822 (2002). The EAJA and the Social Security Act both contain provisions commonly relied upon by successful social security claimants and their attorneys to secure the payment of attorney's fees. The uncodified clause of the EAJA requires an attorney that "*receives fees for the same work* under both" the EAJA and the Social Security Act to refund the smaller amount to the claimant. 28 U.S.C. § 2412 note, Act of October 21, 1980, § 206(b) of Pub. L. 96-481, as amended by Act of August 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 (emphasis added); *see Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822. Reeves argues this clause can only logically be read to contemplate that the EAJA

10

award will be paid to the attorney. Otherwise, he asserts, it makes no sense to direct the attorney to refund an amount he has not received. We find this argument unpersuasive because the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same work. Our reading of the plain text of § 2412 is not altered by the uncontroversial proposition that Congress anticipated attorneys will often be the ultimate beneficiaries of the attorney's fees awarded under the EAJA. When an attorney actually receives the proceeds of an EAJA award from his client, the clause is implicated. The clause is not implicated, in a case like this, where the attorney never receives the proceeds of an EAJA award.

The unambiguous text of the EAJA resolves the issue before us; therefore, we refrain from embarking on a superfluous analysis of the EAJA's legislative history. *See Gonzales*, 520 U.S. at 6, 117 S. Ct. at 1035 ("Given the straightforward statutory command, there is no reason to resort to legislative history."). *But cf. Manning*, 510 F.3d at 1251 (concluding "the legislative history for the EAJA also makes it clear that certain prevailing parties, and not their attorneys, may recover attorney's fees when the government's action was not substantially justified").

Our analysis could end here, but Reeves makes one final argument which merits further discussion in order to dispel any doubt as to the meaning of the statute and which may prove useful should Congress ever choose to revisit the EAJA. Reeves cautions representation of Social Security claimants will be discouraged by allowing the offset of EAJA fees. He notes the administrative process for claiming Social Security benefits can take a number of years. As such, it is not uncommon for claimants who are unable to work to incur substantial amounts of debt in the interim. This makes it all the more likely attorneys will abandon this area of practice due to a substantial risk EAJA fees will be intercepted. All this, Reeves contends, is bad public policy. He may well be right, but policy decisions are properly left to Congress, not the courts. The Supreme Court has advised that "[w]hatever merits . . . policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them." *Artuz v. Bennett*, 531 U.S. 4, 10, 121 S. Ct. 361, 365 (2000); *see also Panola*, 844 F.2d at 1513-14 ("This court can no more formulate a solution, which it is implored to do in this case, than it can appropriate the funds necessary to effectuate a solution.").

In summary, our analysis begins and ends with the unambiguous text of the statute: The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.

*B.*     *Whether Reeves' EAJA Award could be offset by the Department of the*

        *Treasury for payment of Reeves' unpaid child support debt.*

Having concluded the award of attorney's fees belongs, in the first instance, to Mr. Reeves, we must now decide whether the award could be offset by the Treasury Department. Reeves does not challenge the Treasury's statutory authority for offsetting his EAJA award.[3] Instead, Reeves challenges the lawfulness of the offset on the basis that no mutuality of debt exists between him and the government.

Mutuality of debt exists where each party owes a debt to the opposing party. *See Capuano v. United States*, 955 F.2d 1427, 1429-30 (11th Cir. 1992). "In principle, the party owed the greater debt is due the remainder of the debt owed him after offset of the debt he owes to the other party. It goes without saying that neither party may offset moneys in its hands belonging to some other party." *Id.* at 1430. Reeves argues no mutuality of debt exists here, because the government did not owe a debt to him personally; rather, the government owed a debt to his attorney. Reeves argument is foreclosed by our earlier conclusion that the EAJA

---

[3] The Debt Collection Improvement Act gives the Treasury Department the authority to collect non-tax debts by withholding funds that are paid out by other federal agencies. 31 U.S.C. §§ 3701, 3716(a); 31 C.F.R. § 285.5. The practice of withholding federal payment in satisfaction of a debt is known as an administrative offset. *See* 31 U.S.C. § 3716. According to the regulations, all federal payments are eligible for offset unless those payments are explicitly exempted from offset by law. 31 C.F.R. § 285.5(e).

award is paid to the party. Since we have concluded the government owed the EAJA award to Reeves, no mutuality of debt concerns have been identified by the Appellant. Thus, Reeves' mutuality of debt argument must fail and we conclude Reeves has raised no other arguments that lead us to question the propriety of the offset in this case.

### III. CONCLUSION

We conclude the EAJA means what it says: attorney's fees are awarded to the "prevailing party," not to the prevailing party's attorney.

**AFFIRMED.**