[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

No. 08-12823
Non-Argument Calendar

_____

D. C. Docket No. 08-00033-CV-AR-S

PAULA JOHNSON,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF TREASURY,
Financial Management Service,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 26, 2008)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Paula Johnson, proceeding pro se, appeals the district court's order dismissing her civil complaint against the U.S. Department of the Treasury without prejudice for failure to state a claim for relief.  We AFFIRM.

## I. BACKGROUND

Johnson, an Illinois private citizen, filed a pro se civil complaint against the Financial Management Service of the U.S. Department of the Treasury ("Treasury") in which she alleged that Treasury deducted money from her federal disability benefits in violation of 31 U.S.C. §§ 3711(a) and 3716.  R1-1 at 2-3. Johnson stated that since 2004 she had been making payments to the Illinois Department of Human Services ("IDHS") to pay off an outstanding "disputed" debt she owed the IDHS.  Id. at 2, 4.  Johnson claimed that although she informed the IDHS in October and November 2007 that she had incurred emergency medical expenses that prevented her from making further payments, Treasury nevertheless withheld "over $200.00" from her monthly federal disability check to satisfy the IDHS debt, causing her extreme financial hardship. Id. at 2-3.  Johnson requested injunctive relief directing the Treasury to (1) cease all unlawful collections of the disputed debt, (2) act lawfully in the collection of the disputed debt, and (3) return all monies unlawfully deducted from her disability benefits. Id. at 3-4.

When Treasury failed to timely respond to the complaint, Johnson moved for default judgment, alleging that Treasury's withholding of her federal benefits was unlawful and violated her right to due process under the Illinois Constitution and Illinois statutory law. R1-9 at 1-3. Johnson further claimed that Treasury's actions amounted to intentional infliction of emotional distress and demanded actual damages in the amount withheld from her disability benefits. Id. at 2-3.

Treasury responded, arguing that a default judgment was inappropriate and moved to dismiss the complaint for failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). R1-12 at 3, 5; R1-13. In support of its motion to dismiss, Treasury contended that it was named as a defendant only because it operated the Treasury Offset Program ("TOP"), a centralized debt collection program used by federal and state agencies to collect delinquent non-tax debts. R1-14 at 4. Treasury asserted that it has no independent authority to determine whether a debt is valid or whether a federal payment should be offset and is required to implement the offset once a debt is properly certified by the creditor agency. Id. at 5-6. Treasury further asserted that because the agencies themselves are the parties responsible for affording due process to their debtors, Johnson's request for relief was more properly addressed to IDHS, which established the debt and referred it to Treasury for collection. Id. at 4.

3

The district court denied Johnson's motion for a default judgment and granted Treasury's motion to dismiss. See R1-17 at 1-2. Construing Johnson's complaint liberally, the court found that Johnson should have sought relief against IDHS and not Treasury, that her allegations against Treasury were "devoid of colorable merit," and that her complaint was fraught with "other insurmountable shortcomings." Id. at 1-2. The court concluded that the complaint failed to state a claim against Treasury and "could not be amended to do so."[1] Id. at 2. Johnson now appeals the district court's dismissal of her complaint.

## II. DISCUSSION

On appeal, Johnson contends that: (1) she was denied due process under the Illinois Constitution; (2) Treasury was aware of IDHS's "unlawful discriminatory collection practices" and had the "sole responsibility" not to intentionally disregard the deprivations of which it was aware; (3) Treasury's actions violated the state-immunity provision of the Americans with Disabilities Act, 42 U.S.C. § 12202, as well as regulations codified at 28 C.F.R. Part 35 regarding disability

---

[1] In rendering its decision, the district court first concluded that it lacked subject matter jurisdiction over the complaint. Although it found alternatively that the complaint failed to state a claim for relief, we note that jurisdiction was proper under 28 U.S.C. § 1331 because at least some of Johnson's claims presented questions of federal law. See Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999) ("[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.") (citation omitted).

4

discrimination in state and local government services; and (4) Treasury's refusal to act on the information she provided to it constituted intentional infliction of emotional distress and was racist and discriminatory.[2]

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Arthur v. King, 500 F.3d 1335, 1339 (11th Cir.) (per curiam), cert. denied, 128 S.Ct. 660 (2007). Dismissal under Rule 12(b)(6) is appropriate "only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004) (quotation marks and citation omitted).

"The practice of withholding federal payment in satisfaction of a debt is known as an administrative offset." Reeves v. Astrue, 526 F.3d 732, 738 n.3 (11th Cir.), petition for cert. filed (U.S. Aug. 1, 2008) (No. 08-5605). The Debt Collection Improvement Act of 1982, 31 U.S.C. §§ 3701 et seq., authorizes the

---

[2] Johnson also argues that Treasury (1) intentionally and maliciously violated the Debt Collection Improvement Act; (2) violated the procedures of 7 C.F.R. § 273.18 (governing recapture of food-stamp overpayments); and (3) violated 31 U.S.C. § 3718 (allowing federal agencies to enter contracts for debt-collection services). Because she raises these claims for the first time in her reply brief, we decline to address them. See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief.").

5

Treasury Department "to collect non-tax debts by withholding funds paid out by other federal agencies." Reeves, 526 F.3d at 738 n.3; see 31 U.S.C. § 3716(a); 31 C.F.R. § 285.5. Pursuant to the TOP, any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset. See 31 U.S.C. § 3716(a), (c)(6). In order to do so, the creditor agency must certify to Treasury that the debt is eligible for collection by offset[3] and that all due process protections have been met. See 31 C.F.R. § 285.5(d)(3)(ii), (d)(6). If properly certified, the Treasury Department must administratively offset the debt. See 31 U.S.C. § 3716(c)(1)(A).

Although Johnson named Treasury as the sole defendant, the allegations in her complaint focused primarily on alleged wrongdoing by IDHS in its efforts to collect a "disputed" debt. The essence of Johnson's complaint was that Treasury acted illegally by withholding a portion of her disability benefits, despite her having notified the IDHS that she encountered emergency medical expenses that left her unable to pay her underlying debt. Treasury, however, had no statutory

---

[3] To be eligible for collection by administrative offset, a debt submitted to Treasury must be: (1) past-due in the amount stated by the creditor agency; (2) legally enforceable; (3) less than ten years delinquent, unless the debt legally may be offset if more than ten years delinquent; (4) more than $25; and (5) not secured by collateral subject to a pending foreclosure action. See 31 C.F.R. § 285.5(d)(3)(i).

authority over the debt, nor any role in determining whether or not the debt was valid or whether Johnson's benefit payment should be offset. Rather, once the IDHS certified the debt to Treasury, Treasury was legally obligated to offset Johnson's disability payment in satisfaction of the debt. See 31 U.S.C. § 3716(c)(1)(A); 31 C.F.R. § 285.5(d)(6). Further, it is the creditor agency, not the disbursing agency, that is required to ensure that the debtor receives due process under the law. See 31 U.S.C. § 3716(a). Because relief against Treasury would be improper in this case, the district court correctly dismissed Johnson's complaint without prejudice for failure to state a claim.

## III. CONCLUSION

Johnson appeals the district court's dismissal of her complaint without prejudice under Rule 12(b)(6). Because Johnson's complaint against Treasury failed to state a claim upon which relief may be granted, we AFFIRM.