[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14203
Non-Argument Calendar
_____

D. C. Docket No. 04-02079-CV-T-27MSS

LEELAWATI SANFILIPPO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Leelawati Sanfilippo, through counsel, appeals from the district court's award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and the Social Security Act ("SSA"), 42 U.S.C. § 406(b). For the reasons set forth below, we affirm.

**I.**

In September 2004, Sanfilippo, through her attorney, William Neal, filed a complaint in federal court, pursuant to 42 U.S.C. § 405, seeking review of the Social Security Commissioner's denial of her 1995 application for disability benefits. The complaint was just over three pages long, contained nine paragraphs of generalized allegations, and asserted without explanation that the Commissioner's decision violated Sanfilippo's rights under the SSA, laws and regulations of the United States, and U.S. Constitution. Sanfilippo also filed a one-page summons, directing the Commissioner to file an answer to the complaint.

After Neal was admitted to appear pro hac vice, Sanfilippo filed a memorandum of law challenging an Administrative Law Judge's ("ALJ") decision from November 2001. Although the memorandum was 19 pages long, it contained no citations to case law and only briefly referenced the applicable regulations. Most importantly, and as the government pointed out in its response, Sanfilippo's "entire brief [was] devoted to challenging the wrong (vacated) decision, rather than

2

the final decision of the Commissioner issued on July 9, 2004." Nonetheless, the district court ultimately reversed the Commissioner's 2004 decision and remanded to the Social Security Administration for an award of disability benefits.

After the district court entered a final judgment in Sanfilippo's favor, Sanfilippo moved for attorney's fees and costs. She submitted a request for attorney's fees for Neal in the amount of $31,850, based on 91 hours of work at a rate of $350 per hour. Recording his time in half-hour increments, Neal submitted an itemized account of the hours for which he worked on the case. This included 10 hours for drafting the complaint and summons and 34 hours for drafting the memorandum of law challenging the ALJ's 2001 decision. Sanfilippo also submitted a proposed bill of costs, requesting $150 for a filing fee, $10 for a "special admission fee," $100 for "delivery & mailing," $50 for "copying," and $50 for "telephone" usage.

Construing the motion for attorney's fees as one brought pursuant to the EAJA, the government responded that it did not oppose awarding Neal a reasonable fee. However, it asserted that the number of hours submitted were unreasonably excessive.

Over one year later, Sanfilippo notified the court that her motion for attorney's fees remained pending. In an attached memorandum and exhibits, she

clarified that, in addition to requesting fees under the EAJA, she was also requesting fees under 42 U.S.C. § 406(b).  In this respect, she asserted that § 406(b) capped Neal's recovery to 25% of the past-due benefits awarded to Sanfilippo, which amounted to $31,460.  Sanfilippo also requested that Neal be compensated for 28 additional hours of administrative work, and Neal attached an itemized list of those hours.

The magistrate prepared a report and issued the following recommendations. With respect to fees under the EAJA, the magistrate agreed with the government that the number of hours requested were excessive.  The magistrate found, inter alia, that 6 of Neal's 28 requested, supplemental hours were duplicative because they had already been included in the 91 hours listed in the original motion.  The magistrate also reduced the number of requested hours spent drafting the complaint/summons and the memorandum of law by 6 and 14 hours, respectively.  With respect to the memorandum, the magistrate found that:

> its quality does not reflect the time claimed to have been invested in its preparation.  It is rife with typographical and grammatical errors. It contains conjecture and hyperbolic editorializations that have no place in a legal memorandum.  More importantly, . . . [it] was addressed to the wrong decision, was virtually devoid of citations to legal authorities and stated only in passing the central legal issue that resulted in the reversal . . . .

Finally, the magistrate reduced the total number of hours by 15% because Neal

4

billed his time in half-hour increments, which the magistrate found to be an "unacceptable" practice. The magistrate ultimately awarded Sanfilippo $7,173.15 in fees under the EAJA, based on 41.225 compensable hours at a rate of $174 per hour. The magistrate also awarded Sanfilippo $150 in costs. However, the magistrate found that she was not authorized to award a fee under § 406(b). She explained that, because there was no contingency fee agreement between Sanfilippo and Neal, the Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), prohibited her from employing a lodestar analysis to calculate a fee.

The district court subsequently entered an order partially modifying the magistrate's report. The district court agreed with the magistrate's fee and cost calculations under the EAJA, but it disagreed with the magistrate's finding that fees were not authorized under § 406(b), concluding that the Supreme Court in Gisbrecht did not require a contingency fee agreement and that, in the absence of such an agreement, the lodestar approach applied. In this respect, the court calculated the lodestar by using the number of compensable hours from the EAJA context (41.225) and an hourly rate of $200, giving Sanfilippo a fee of $8,245. The court subsequently clarified that Neal was to receive a total sum of $8,245 in fees, with $7,173.15 to be paid from the EAJA award and the remainder to be paid

5

from the § 406(b) award.

## II.

"We review the district court's award of attorneys' fees and costs for abuse of discretion, revisiting questions of law <u>de novo</u> and reviewing subsidiary findings of fact for clear error." <u>Atlanta Journal and Constitutional v. City of Atlanta Dept. of Aviation</u>, 442 F.3d 1283, 1287 (11th Cir. 2006) (emphasis added). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." <u>American Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999) (quotation omitted). "A district court has wide discretion in exercising its judgment on the appropriate fee level, though the court must articulate the decision it makes, give principled reasons for those decisions, and show the specific fee calculations." <u>Sierra Club v. Hankinson</u>, 351 F.3d 1358, 1361 (11th Cir. 2003) (quotation omitted).

### A.    **Fees under the EAJA**

"The EAJA contains a fee shifting device applicable in civil suits against the United States." <u>Reeves v. Astrue</u>, 526 F.3d 732, 734 (11th Cir. 2008). Specifically, the statute provides, in pertinent part, that "a court shall award to a prevailing party other than the United States fees . . . incurred by that party in any

6

civil action . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate . . . ." Gisbrecht, 535 U.S. at 796, 122 S.Ct. at 1822 (quotations and alteration omitted).

"Fee applicants must exercise what the Supreme Court has termed billing judgment, which means that they must exclude from their fee application excessive, redundant, or otherwise unnecessary hours . . . ." Barnes, 168 F.3d at 428 (quotations, citation, and alteration omitted). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, . . . [as] it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Id.

On appeal, Sanfilippo contends only that the court erred by reducing the number of requested compensable hours. First, she asserts that "there is no identification of which entries are alleged to be duplicative, for the 6 hours shown in footnote 14" of the magistrate's report. However, this argument is entirely without merit, as the magistrate specifically identified those entries.

Second, Sanfilippo asserts that there was no reason to reduce the number of hours requested for drafting the complaint, summons, and memorandum of law.

Neal asserted that he spent ten hours drafting the complaint and summons. The district court's decision to reduce that figure by six hours was not an abuse of discretion because Neal's complaint was just over three pages long, contained nine generalized allegations, and did nothing more than assert, without any explanation, that the Commissioner's decision was contrary to law. In addition, the summons was merely a one-page form document directing the Commissioner to file an answer.

Neal also asserted that he spent 34 hours working on the memorandum of law. The district court's decision to reduce that figure by 14 hours was similarly not an abuse of discretion because, as the district court recognized, the memorandum of law challenged the wrong underlying decision, was "virtually devoid of citations to legal authorities," contained typographical and grammatical errors, and contained "conjecture and hyperbolic editorializations that have no place in a legal memorandum."

Finally, Sanfilippo challenges as arbitrary the court's decision to reduce the hours by 15% on the ground that Neal billed his time in half-hour increments. However, we conclude that the court did not abuse its discretion in this regard because a review of Neal's time sheets reveals that he never billed a task for less than one half hour, even though several of the listed tasks should have taken only a

few minutes, such as reviewing summary orders and letters and placing calls to the clerk's office.

Accordingly, Sanfilippo has not shown that the court abused its discretion in calculating fees under the EAJA.[1]

**B.    Fees under § 406(b)**

When the district court enters a judgment favorable to a plaintiff in a social security case, it may award reasonable attorney's fees, payable from the past-due benefits awarded, not to exceed 25% of the past-due benefits.  42 U.S.C. § 406(b)(1)(A).  Fee awards may be made under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796, 122 S.Ct. at 1822 (quotation and alteration omitted).

On appeal, Sanfilippo challenges the court's lodestar calculations under § 406(b).[2]  First, she asserts that the court erred by using the number of compensable hours from the EAJA context to calculate Neal's attorney's fees under § 406(b).  However, Sanfilippo does not offer any persuasive reason why the district court should have distinguished among the number of hours in this manner.

---

[1] Nor has Sanfilippo shown that the court abused its discretion in calculating costs under the EAJA.  See 28 U.S.C. § 2412(a)(1), cross referencing, 28 U.S.C. § 1920.

[2] We note that, after Gisbrecht, it appears to be an open question whether the lodestar approach applies in cases such as this, where there is no contingency fee agreement between the plaintiff and her attorney.  However, the parties in this case do not challenge the district court's use of the lodestar approach to calculate fees under § 406(b) and, thus, we decline to address that issue.

Indeed, as the government points out, Sanfilippo did not make any such distinction in her own fee applications.

Sanfilippo next asserts that the court failed to consider the significant amount of the disability benefits recovered in the underlying case. However, enhancing the lodestar on this basis is only appropriate where there are both "superior results" and "superior performance." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1237-38 (11th Cir. 2008) (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987) and Norman v. Housing Authority of Montgomery, 836 F.2d 1292 (11th Cir. 1988)), cert. granted, __ S.Ct. __ (U.S. Apr. 6, 2009) (No. 08-970); see United States v. Williams, No. 08-10185, manuscript op. at 7 (11th Cir. Mar. 31, 2009) ("Although [our published decision] is pending review in the Supreme Court, it is still controlling precedent."). Sanfilippo has not attempted to show that the past-due benefits awarded were superior or exceptional in the sense that they were rare or unexpectedly high. See id. at 1237-38. Nor has Sanfilippo shown that Neal's representation was "superior" to that which should have been expected, as a review of the record reveals that Neal's filings were of low quality, as illustrated most dramatically by the fact that his "winning" memorandum challenged the wrong underlying decision. See id. at 1238.

Sanfilippo also asserts that the court erred by not considering the contingent

10

aspect of social security cases. However, the Supreme Court has "squarely rejected" the proposition of enhancing a lodestar amount on the basis of contingency. Id. at 1224, 1228 (citing City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)).[3]

Accordingly, Sanfilippo has not shown that the district court abused its discretion in calculating fees under § 406(b).

### III.

For the reasons set forth above, we conclude that Sanfilippo has not shown that the court abused its discretion in calculating attorney's fees and costs under the EAJA and § 406(b). Accordingly, we affirm.

**AFFIRMED.**

---

[3] We also conclude that Sanfilippo has not shown that the district court abused its discretion by failing to a consider an affidavit prepared and submitted after the magistrate issued the report and recommendation.