**Mary E. BOSTIC, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Case No. 3:10–cv–1203–J–37TEM.**

United States District Court, M.D. Florida, Jacksonville Division.

Nov. 18, 2011.

excuse.

Chantal J. Harrington, Bohr & Harrington, LLC, Jacksonville, FL, Sarah Harriet Bohr, Bohr & Harrington, LLC, Atlantic Beach, FL, for Plaintiff.

John F. Rudy, III, U.S. Attorney's Office, Tampa, FL, for Defendant.

### ORDER

ROY B. DALTON JR., District Judge.

This cause is before the Court on Consent Motion for Attorney's Fees (ECF No. 21) filed on August 17, 2011. The United States Magistrate Judge has submitted a report recommending that the motion be granted.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed on October 18, 2011 (ECF No. 24), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Consent Motion for Attorney's Fees filed on August 17, 2011 (ECF No. 21) is **GRANTED.**

3. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,400.09 for attorney's fees.

## REPORT AND RECOMMENDATION [1]

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Plaintiff's Petition for Attorney Fees filed August 17. 2011 (Doc. # 21, Petition). Plaintiff's counsel requests a total award of $3,435.97 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. # 21 at 2).[2] To date, Defendant has not filed any response to the Petition. Thus, this matter is ripe for the Court's ruling.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

■ 1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal of a denial of benefits,[3] is a "prevailing party" per *Shalala v. Schaefer*, 509 U.S. 292, 300–02, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case. Therefore, the Commissioner's position here was not substantially justified. Plaintiff expressly states "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars" and there are no special circumstances which would make the award unjust (Doc. # 21 at 1). *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

■ The Court recognizes that Plaintiff filed the Petition for EAJA fees on August 17, 2011 (Doc. # 21), yet the judgment from the district court was not entered until October 5, 2011 (Doc. # 22). The order remanding the case to the Commissioner, at the Commissioner's request, however, was entered on June 30, 2011 (*see* Doc. # 17). While Plaintiff filed the Petition prior to final judgment, on the facts of this case the Court finds the Petition to be timely. EAJA requires an application for fees be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Federal Rules of Civil Procedure require a district court to set forth a judgment on a separate document. Fed.R.Civ.P. 58. The Federal Rules of Appellate Procedure allow sixty days after entry of judgment for an appeal to be filed. Fed. R.App. P. 4(a)(1). Thus an EAJA application can be filed within thirty days after a judgment becomes not appealable, a total of ninety days from the date the district court enters judgment.

1. Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

2. Two attorneys make up Plaintiff's counsel, Ms. Chantal Harrington, Esq. and Ms. Sarah H. Bohr, Esq. The Petition requests an award of $3,256.56 to Ms. Harrington and an award of $179.41 to Ms. Bohr (Doc. # 21 at 1).

3. The case was remanded in response to the Commissioner's Motion for Entry of Judgment with Remand filed on June 24, 2011 (Doc. # 15). In response to the Commissioner's uncontested Motion, the District Court entered an order of remand pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) on June 30, 2011 (Doc. # 17). However, Judgment was not entered in this case until October 5, 2011. (*See* Docs. # 22 and # 23.)

*See Schaefer,* 509 U.S. at 302, 113 S.Ct. 2625. The thirty-day time limit runs from the end of the appeal period, not from the beginning. *Id.* at 303, 113 S.Ct. 2625. In this case Plaintiff filed the Petition (Doc. # 21) before the judgment of the district court was entered (Doc. # 22), thus the thirty-day time limit had not yet begun to run. The Eleventh Circuit has previously found EAJA applications may be filed before a final judgment has been entered. *Singleton v. Apfel,* 231 F.3d 853, 856 (11th Cir.2000); *Haitian Refugee Ctr. v. Meese,* 791 F.2d 1489, 1495–96 (11th Cir.1986) *vacated in part,* 804 F.2d 1573 (11th Cir. 1986). Additionally, on facts in which an EAJA fee petition was filed only thirty days after entry of judgment, in its ruling on the petition the court found, "[w]hile the Petition was premature when initially submitted, it is now deemed timely filed." *Inman v. Apfel,* No. 3:97–CV–1273–J–HTS, 2000 WL 1221858 (M.D.Fla. Jul. 14, 2000). In reading *Singleton* and *Inman* together, this Court finds Plaintiff's Petition is due to be deemed timely filed.

2. The amount of attorney fees to be awarded "will be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees will not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention

here that the claimed fee would exceed that amount.

It has been recognized that EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Baber v. Sullivan,* 751 F.Supp. 1542, 1544 (S.D.Ga.1990) (citing *Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir.1988)). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub.L. No. 104–121, §§ 231–33 as codified in 28 U.S.C. § 2412(d)(2)(A).

■ Plaintiff's counsel claims that the statutory cap of $125.00 should be raised to $175.06 per hour for services provided in 2010 and $179.41 per hour for services provided in 2011 (Doc. # 21 at 1). The Court in its discretion has determined that these hourly rates and the resulting fee amount are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[4]

■ Plaintiff requests two hours of fees for work performed before the complaint was filed with the federal court (Doc. # 21 at 4).[5] Pre-complaint fees have been rec-

---

4. The Court arrived at its conclusions after visiting the following website: *www.minneapolisfed.org* (last visited October 14, 2011). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not af-

fected should this website cease to be available in the future.

5. The complaint in this case was filed on December 30, 2010 (Doc. # 1). The work performed by Plaintiff's counsel from November 21, 2010 to December 29, 2010 is thus considered pre-complaint work (Doc. # 21 at 4).

ognized as compensable when the hours worked are related to the preparation of the federal case and not related to the underlying administrative proceedings. *Webb v. Bd. of Educ. of Dyer Cnty.,* 471 U.S. 234, 243, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), *White v. United States,* 740 F.2d 836, 842 (11th Cir.1984). The hours listed by Plaintiff's counsel for work explaining the federal court appeal process to Plaintiff and for preparation of the complaint are therefore found to be reasonable fees. *See also Caylor v. Astrue,* 769 F.Supp.2d 1350, 1353 (M.D.Fla.2011) (granting pre-complaint fees where the time was reasonably expended toward litigation in the federal case); *Harrison v. Astrue,* No. 3:08–cv–577–J–TEM, 2009 WL 3853184, *2–3 (M.D.Fla. Nov. 18, 2009) (reducing the number of pre-complaint hours claimed by attorney in half cutting out the hours spent on discussion of administrative proceedings, but leaving in the hours listed for preparation of the complaint in federal court).[6]

■ Plaintiff requests one hour of fees for preparation of the petition for attorney fees (Doc. # 21 at 4). The Eleventh Circuit has held that "fees for fees" are permitted as reasonable fees under EAJA. *See Jean v. Nelson,* 863 F.2d 759, 779–80 (11th Cir.1988). The Eleventh Circuit found it reasonable to award fee for fees, as not doing so "would contravene Congress's purpose in passing the EAJA to require under all circumstances that successful EAJA fee applicant bear the costs of obtaining EAJA fees." *Id.* at 780. The Court finds the one hour of work to prepare the petition for attorney fees to be a reasonable fee.

Additionally, Plaintiff requests 0.2 hours for preparation of the time sheet used in the Petition for attorney fees (Doc. # 21 at 4). The Court hereby subtracts this 0.2 hours out of Plaintiff's total requested hours. As indicated and granted *supra,* Plaintiff has requested one hour to prepare a two-page petition for attorney fees that includes standard boiler plate language and a table of calculations. The Court believes this one hour is more than sufficient to compensate the Plaintiff's counsel for the preparation and filing of a petition for attorney fees, including the necessary calculations. Therefore, the Court finds the requested 0.2 hours to prepare the calculations that are found within the Petition to be unreasonable fees.

3. Plaintiff's counsel has requested any awarded EAJA fees be paid directly to her, rather than to Plaintiff, if the United States Department of Treasury determines Plaintiff does not owe any debt to the United States (Doc. # 21 at 2). In support of this request, Plaintiff's counsel provided a copy Plaintiff's fee contract which includes an EAJA fee assignment (Doc. # 21–1).

The Supreme Court recently held in *Astrue v. Ratliff,* that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. *Astrue v. Ratliff,* — U.S. —, 130 S.Ct. 2521, 2529, 177 L.Ed.2d 91 (2010). The decision of the Eleventh Circuit in *Reeves v. Astrue,* reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. *Reeves v. Astrue,* 526

---

**6.** Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R.App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36–2.

**1306**

F.3d 732, 738 (11th Cir.2008). The *Reeves* court succinctly stated the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736.

The Supreme Court's ruling in *Ratliff* is also in accord with the precedent within the Eleventh Circuit in finding an award of EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States. *See Ratliff,* 130 S.Ct. at 2524; *Reeves,* 526 F.3d at 732 n. 3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)); 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

 In light of *Ratliff,* this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt.

4. Upon due consideration, the Court finds as stated herein 18 hours were reasonably expended by Plaintiff's attorneys in this case. Thus, the Court finds $3,400.09 ($175.06 × 2.0 hours plus $179.41 × 17 hours) is a reasonable amount for attorney fees in this case.[7]

7. Subtracting the .2 hours discussed *infra,* from the calculation of Ms. Harrington's fee, the award of $3,400.09 would be divided, per

5. Plaintiff was granted *in forma pauperis* status in this action (Doc. # 5). Consequently, there is no claim for compensable incurred costs.

Accordingly, it is hereby **respectfully recommended:**

1. Plaintiff's Petition for Attorney Fees (Doc. # 21) be **GRANTED** to the extent set forth above.

2. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,400.09 for attorney fees.

October 18, 2011.

Plaintiff's Petition, $3,220.68 to Ms. Harrington and $179.41 to Ms. Bohr.