**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1797**

---

BARBARA RUSH, f/k/a Barbara Early,

> Plaintiff – Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

> Defendant – Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:21-cv-00096-KDB)

---

**No. 22-1834**

---

CYNTHIA PARKER,

> Plaintiff – Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

> Defendant – Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:21-cv-00321-GCM)

No. 22-1901

VANESEA NWOBI,

        Plaintiff – Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant – Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:21-cv-00539-KDB)

Argued:  March 8, 2023                     Decided:  April 11, 2023

Before WILKINSON and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge Thacker and Senior Judge Motz joined.

**ARGUED:** Mahesha P. Subbaraman, SUBBARAMAN PLLC, Minneapolis, Minnesota, for Appellants.  Anna Manchester Stapleton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** George C. Piemonte, MARTIN, JONES, & PIEMONTE, PC, Charlotte, North Carolina, for Appellants.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Joshua M. Salzman, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

2

WILKINSON, Circuit Judge:

Appellants challenge the appointment of Social Security Administration Acting Commissioner Nancy Berryhill under the Federal Vacancies Reform Act (FVRA). They argue that no one may serve as an acting officer under 5 U.S.C. § 3346(a)(2), which allows acting service while a nomination is pending in the Senate, unless that nomination occurred during the initial 210-day period of acting service allowed by 5 U.S.C. § 3346(a)(1). Appellants assert that § 3346(a)(2) serves only to toll § 3346(a)(1)'s time limit and does not authorize an independent period of acting service. We reject their argument because § 3346(a)(1) and § 3346(a)(2) are, by their plain text, disjunctive and independent. Because Berryhill was legally serving as Acting Commissioner, her appointments of the ALJs who decided appellants' cases were valid. We therefore affirm.

I.

Appellants Barbara Rush, Cynthia Parker, and Vanesea Nwobi each applied to the Social Security Administration (SSA) for disability benefits. Their applications were rejected by administrative law judges (ALJs) whose appointments had been ratified by SSA Acting Commissioner Nancy Berryhill. Berryhill sought to ensure that SSA's ALJs were properly appointed in light of the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), which held that ALJs are inferior officers of the United States and must be appointed through one of the methods prescribed by the Appointments Clause. That clause enables Congress to vest the appointment of inferior officers "in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2. Before *Lucia*, SSA ALJs were "selected by lower level staff rather than appointed by the head of the

3

agency." *Carr v. Saul*, 141 S. Ct. 1352, 1357 (2021). So the constitutionality of the ALJs' appointments depended on whether Berryhill was properly serving as Acting SSA Commissioner when she ratified them.

Berryhill served as SSA's Deputy Commissioner for Operations (DCO) prior to President Trump's inauguration in January 2017. In December 2016, President Obama issued a memorandum establishing an order of succession for SSA. The order directed the DCO to serve as the Acting Commissioner in the event that the offices of Commissioner and Deputy Commissioner became simultaneously vacant. *See Memorandum of December 23, 2016, Providing an Order of Succession Within the Social Security Administration*, 51 Fed. Reg. 96,337 (Dec. 30, 2016). Those offices became simultaneously vacant on the day of President Trump's inauguration in January 2017, so Berryhill began serving as Acting Commissioner in accordance with the order-of-succession memorandum.

In March 2018, the Government Accountability Office reported that Berryhill's continued service as Acting Commissioner violated the time limitations on acting service imposed by the Federal Vacancies Reform Act of 1998, 5 U.S.C. § 3345 *et seq*. As relevant here, that Act provides that an acting officer may serve "(1) for no longer than 210 days beginning on the date the vacancy occurs; or (2) . . . once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate." *Id.* § 3346(a)(1)–(2). Subsection 3346(a)(1)'s 210-day period is extended to 300 days when the vacancy occurs at the beginning of a presidential transition. *Id.* § 3349a(b). Because no nomination for the office had yet been submitted, Berryhill could not legally serve as Acting Commissioner after November 16,

4

2017—*i.e.*, 300 days after her service began. Shortly after the GAO issued its report, Berryhill stepped down as Acting Commissioner and returned to her role as Deputy Commissioner for Operations.

In April 2018, President Trump nominated Andrew Saul to be the Commissioner of Social Security. After Saul's nomination was submitted to the Senate, Berryhill returned to the role of Acting Commissioner. *See id.* § 3346(a)(2) (allowing acting service "from the date of such nomination for the period that the nomination is pending in the Senate"). It was during this second period of acting service, in July 2018, that Berryhill purported to ratify the appointments of SSA's ALJs. *See Carr*, 141 S. Ct. at 1357.

ALJs whose appointments Berryhill had ratified subsequently denied appellants' disability claims. Appellants exhausted their administrative remedies and timely sought judicial review in federal district court. They argued that Berryhill was not legally serving as Acting Commissioner when she ratified the ALJs' appointments because her period of service under 5 U.S.C. § 3346(a)(1) had expired. The district courts below all rejected this argument, held that Berryhill was legally serving as Acting Commissioner, and granted summary judgment to the government.

Appellants timely appealed.

## II.

The Federal Vacancies Reform Act governs the conditions under which acting officers may "temporarily carry out the duties of a vacant PAS office"—*i.e.*, an office "requiring Presidential appointment and Senate confirmation." *NLRB v. SW Gen. Inc.*, 580 U.S. 288, 292–93 (2017). Section 3345 of the Act dictates who may serve as an acting

officer. It provides that in the event of a vacancy, the "functions and duties of the office" may temporarily be performed by (1) the "first assistant to the office," or, if the President "direct[s]," (2) another principal officer of the United States, or (3) another officer or employee of the agency, subject to additional conditions. 5 U.S.C. § 3345(a)(1)–(3). An acting officer under § 3345 serves "temporarily in an acting capacity subject to the time limitations of section 3346." *Id.*

This appeal concerns the proper interpretation of § 3346. It reads, in relevant part:

(a) Except in the case of a vacancy caused by sickness, the person serving as an acting officer as described under section 3345 may serve in the office—

(1) for no longer than 210 days beginning on the date the vacancy occurs; or

(2) subject to subsection (b), once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

*Id.* § 3346(a). Subsection (b) is of limited relevance here. It provides for additional periods during which an acting officer "may continue to serve" after a nomination for the office is rejected, withdrawn, or returned to the President. *Id.* § 3346(b).

Appellants argue that a person may serve under § 3346(a)(2) while a nomination is pending *only if* the nomination occurred while that person was serving the initial 210-day period authorized by § 3346(a)(1). *See* Opening Br. of Appellants at 6; Reply Br. of Appellants at 12. They assert that § 3346(a)(2) is exclusively a tolling provision that extends the period authorized by § 3346(a)(1) and cannot be utilized after that period has run. In their view, because Berryhill's initial period of service under § 3346(a)(1) expired before any nomination was sent to the Senate, she was precluded from later serving under § 3346(a)(2) even after Andrew Saul was nominated in April 2018.

6

We review this issue of statutory interpretation de novo, *see Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 242–43 (4th Cir. 2009), and reject appellants' view. Subsections 3346(a)(1) and 3346(a)(2) by their plain text authorize independent periods of acting service.

A.

The Federal Vacancies Reform Act sets forth two independent periods. As quoted above, the first period starts the day the vacancy begins and ends 210 days later. The second period likewise has a beginning and ending date. The period commences when a nomination is sent to the Senate and terminates when the nomination for whatever reason is no longer pending. Each period, in other words, stands on its own. Appellants contend that an individual is disqualified from the second period of service if the nomination was submitted after the first period had expired. One would expect a disqualification of such magnitude to be explicitly set forth. Nowhere in the statute, however, is any such disqualification to be found. Appellants leave us to divine through mere inference the disqualifying language that they wish Congress had adopted.

We are not persuaded. Our interpretive inquiry, as is often the case, is answered by the ordinary meaning of the statute's text. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480 (2021). Subsections 3346(a)(1) and 3346(a)(2) are joined by the word "or." The "ordinary use" of the word "or" "is almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'" *United States v. Woods*, 571 U.S. 31, 45–46 (2013) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). So when two provisions are joined by an "or," each provision should typically be accorded its "independent and

7

ordinary significance." *Reiter*, 442 U.S. at 338–39. "Congress' use of the word 'or' makes plain that" each provision "was not intended to modify" the other. *Id.* at 339. In other words, the "disjunctive 'or' usually . . . separates words or phrases in the alternate relationship, indicating that either of the separated words or phrases may be employed without the other." 1A Norman Singer & Shambie Singer, Sutherland Statutes and Statutory Construction § 21:14 (7th ed. 2022).

The statute at issue here authorizes an acting officer to serve under § 3346(a)(1) for up to 210 days beginning when the vacancy occurs *or* under § 3346(a)(2) while a nomination is pending in the Senate. 5 U.S.C. § 3346(a). The word "or" signals that we should give § 3346(a)(2) its "independent and ordinary significance," not read it "to modify" § 3346(a)(1). *Reiter*, 442 U.S. at 338–39. So the most natural interpretation of (a)(2) is that it authorizes an independent period of acting service while a nomination is pending regardless of whether the nomination occurred during the (a)(1) period. In line with this interpretation, (a)(2) delineates its own beginning and ending independent of (a)(1)—authorizing acting service "from the date of such nomination" until the nomination is no longer "pending in the Senate." 5 U.S.C. § 3346(a)(2). Appellants' interpretation of (a)(2) as exclusively a tolling provision subordinate to (a)(1) thus deprives (a)(2) of its independent and ordinary significance and contravenes the most natural reading of the statute's disjunctive "or."

Moreover, "[t]he word 'or' has an inclusive sense (A or B, or both) as well as an exclusive one (A or B, not both)," and is "generally used in the inclusive sense." *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) (citing, *inter alia*, Garner's Dictionary of Legal

8

Usage 639 (3d ed. 2011)). When a waiter offers a patron "coffee or dessert," an ordinary English speaker understands that he can have both coffee *and* dessert if he so chooses. Without compelling context to the contrary, an acting officer may serve under § 3346(a)(1), § 3346(a)(2), or both. In fact, appellants themselves do not advocate reading the "or" here as exclusive: They accept that an acting officer may serve under *both* (a)(1) and (a)(2) if a nomination occurs during the (a)(1) period. Berryhill's prior service under § 3346(a)(1) therefore did not preclude her from serving under § 3346(a)(2).

## B.

Appellants' many arguments fail to dislodge the one two-letter word "or." Their interpretation of § 3346 is further undermined by the lack of textual support for the significant proviso that they would read into the statute. While the statute provides that an acting officer may serve for an initial 210-day period or while a nomination is pending, appellants read the statute to say that an acting officer may serve for an initial 210-day period or while a nomination is pending *if and only if the nomination occurs during the initial 210 days.* But, as noted, the statute does not say that. Nothing in the statute's text conditions the availability of a period of service under § 3346(a)(2) on that period beginning during the 210 days described in § 3346(a)(1). No statutory text indicates that the sole function of (a)(2) is to toll (a)(1)'s time limitation.

In fact, the language of § 3346(a)(2) varies meaningfully from other statutory provisions that require a continuous period of service or function solely to toll another time limitation. And "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

9

intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quotation marks omitted and alterations adopted).

Most notably, § 3346(b)(1) of the same statute states that if a first nomination for the office is rejected, withdrawn, or returned, "the person *may continue to serve* as the acting officer for no more than 210 days after the date of such rejection, withdrawal, or return." 5 U.S.C. § 3346(b)(1) (emphasis added). The words "may continue to serve" indicate that a period of service under § 3346(b)(1) following the termination of a first nomination must be continuous with the period of service under § 3346(a)(2) that occurred while the nomination was pending. But crucially, Congress did *not* use the phrase "may continue to serve" in § 3346(a)(2). Instead, § 3346(a)(2) provides for an independent period of service that is linked to (a)(1)'s 210-day period only with the disjunctive "or." While appellants read § 3346(a)(2) as though it says that an acting officer "may continue to serve" after (a)(1)'s initial 210-day period once a nomination is submitted, that is not the language Congress chose.

Other provisions of the FVRA operate to extend § 3346(a)(1)'s 210-day period using the language "shall be deemed"; the absence of such language from § 3346(a)(2) indicates that (a)(2) is an independent period of authorized acting service, not just a tolling provision. Subsection 3349a(b) provides that if a vacancy occurs during a presidential transition, § 3346(a)(1)'s 210-day period "*shall be deemed* to begin on the later of" either 90 days after Inauguration Day or 90 days after the vacancy occurred. 5 U.S.C. § 3349a(b) (emphasis added). Subsection 3348(c) extends § 3346(a)(1)'s 210-day period by providing that when the period ends on a day that the Senate is in recess, "the second day the Senate

10

is next in session and receiving nominations *shall be deemed* to be the last day of such period." *Id.* § 3348(c) (emphasis added). Appellants read § 3346(a)(2) as though it says that (a)(1)'s 210-day period "shall be deemed" to continue during the pendency of a nomination. But that, once again, is not the language Congress chose.

Finally, Congress knows how to create a tolling provision expressly; the absence of such language from § 3346(a)(2) indicates that it does not function solely to toll (a)(1)'s time limitation. Congress regularly states that a limitations period "shall be tolled" while other proceedings are pending. *See, e.g.*, 28 U.S.C. § 1367(d); 29 U.S.C. § 1854(f). Other times, Congress states that a time period "shall not be counted toward" a statute's time limitation, *see, e.g.*, 28 U.S.C. § 2244(d)(2), or that a time limitation "shall not run" under certain circumstances, *see, e.g.*, 38 U.S.C. § 3103(b)(1). Appellants read § 3346(a)(2) as though it says that (a)(1)'s 210-day period "shall be tolled" or "shall not run" while a nomination is pending, or that the period that a nomination is pending "shall not be counted toward" (a)(1)'s limitation. Such language would make more plausible appellants' view that no service under (a)(2) is allowed if the (a)(1) period expires before any nomination occurs. But—to make the point once more—that is not the language Congress chose.

Congress thus had many ways it could have conditioned the availability of § 3346(a)(2)'s period of acting service on a nomination occurring during § 3346(a)(1)'s initial 210 days. Congress used none of them. It instead signaled the independence of the two time periods with the simple disjunctive "or."

11

C.

Appellants' contrary arguments are thin reeds that cannot support their highly inferential interpretation of § 3346(a).

First, appellants argue that § 3346(a)'s use of the present tense—"the person serving as an acting officer as described under section 3345 may serve . . ."—means that an acting officer must be "serving" under § 3346(a)(1) at the time she begins serving under § 3346(a)(2). 5 U.S.C. § 3346(a). In short, she can only serve under (a)(2) if the nomination occurs while she is "serving" under (a)(1). *See* Opening Br. of Appellants at 6. But as the Eighth Circuit has recognized, given the statute's structure, this interpretation of "serving" yields absurd results:

> "[S]erving" appears in the text of section a, [and] therefore it should apply equally to subsections 1 and 2. If an individual must be "serving" to qualify to serve under subsection 2, then it would follow that an individual must be "serving" to qualify to serve under subsection 1. *That would require an individual be properly serving as an acting officer before their 210-day period under § 3346(a)(1) begins, an impossibility.*

*Dahle v. Kijakazi*, No. 22-1601, --- F.4th ---, 2023 WL 2379383, at *2–*3 (8th Cir. Mar. 7, 2023) (emphasis added).

If the word "serving" created a requirement that the acting officer already be serving *before* she serves under § 3346(a)(1) or § 3346(a)(2), how could anyone ever serve "as described under section 3345"? 5 U.S.C. § 3346(a). Subsection 3345(a) enables the President to designate another principal officer or certain agency officers and employees to serve as an acting officer "subject to the time limitations of section 3346." *Id.* § 3345(a)(2)–(3). But such a designee would never already be "serving" as the acting

officer "on the date the vacancy occurs." *Id.* § 3346(a)(1). Appellants' interpretation of § 3346(a) would therefore render nugatory the provisions of § 3345 that authorize the President to designate acting officers. And it "is a cardinal principle of statutory construction" that statutes ought to be construed such that "no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quotation marks omitted).

It is far more likely that the language of § 3346(a)—"the person serving as an acting officer as described under section 3345"—functions to specify that § 3346's time limitations apply to acting officers *whose authority derives from 5 U.S.C. § 3345 rather than some other statute.* As the government points out, the qualification "serving . . . under section 3345" is necessary because there are other office-specific statutes that provide alternative means for filling vacancies. *See, e.g.*, 42 U.S.C. § 902(b)(4); Br. of Appellee at 17–18. Subsection 3346(a) limits the applicability of its time limitations to officers "serving . . . under section 3345." As the Eighth Circuit put it, "[s]ection 3346 does not grant the power to serve, but places time restrictions on service under § 3345." *Dahle*, --- F.4th at ---, 2023 WL 2379383, at *3.

Second, appellants cite 5 U.S.C. § 3348(b), which states that "[u]nless an officer or employee is performing the functions and duties [of a vacant office] in accordance with sections 3345, 3346, and 3347 . . . the office shall remain vacant." Appellants argue that the language "shall remain vacant" means that if an acting officer's service under § 3346(a)(1) ends before a nomination is submitted, the office must remain vacant even after a nomination is made. But if § 3346 allows discontinuous periods of service under

13

subsections (a)(1) and (a)(2)—as we have explained it does—then § 3348(b) does not apply: The office *need not* "remain vacant" while an acting officer *is* "performing . . . in accordance with sections 3345, 3346, and 3347." 5 U.S.C. § 3348(b). Appellants read § 3348(b) as though it says "if an officer *ever ceases to perform* in accordance with sections 3345, 3346, and 3347, the office *shall remain vacant henceforth*." But that, of course, is not remotely what Congress said.

Third, appellants' reliance on *NLRB v. SW General, Inc.* for the proposition that § 3346(a)(2) is solely a tolling provision is unavailing. Section 3346 was not at issue in *SW General*; the case concerned § 3345(b)'s restrictions on acting service by nominees. 580 U.S. at 299. In a brief overview of the FVRA, the Court noted in passing that the Act contains a "tolling period while a nomination is pending" and "[*i*]*n most cases*, the statute permits acting service for 210 days beginning on the date the vacancy occurs" but "tolls that time limit while a nomination is pending." *Id.* at 295–96 (emphasis added and quotation marks omitted). But these statements are fully consistent with § 3346(a) allowing two independent periods of acting service. When a nomination occurs during the initial 210-day period, the nomination *does* toll (a)(1)'s time limitation. The *SW General* Court expressly caveated that its description applied *in most cases*. Nothing in *SW General* forecloses the possibility that *in addition* to operating as a tolling provision, § 3346(a)(2) allows another independent period of acting service if a nomination is submitted after (a)(1)'s 210-day period.

14

III.

Appellants also raise arguments based on the overall function of the FVRA and separation-of-powers concerns. But these considerations support our interpretation of § 3346(a)(2) as authorizing an independent period of acting service.

Appellants assert that their interpretation incentivizes the President to make nominations during § 3346(a)(1)'s initial 210-day period. But the statute as the government interprets it—limiting pre-nomination acting service to 210 days but allowing acting service once a nomination is submitted—makes perfect sense. Subsection 3346(a)(1) encourages the President to make a timely nomination so that the office does not become vacant after 210 days. Subsection (a)(2) encourages the Senate to act promptly on that nomination so that the President's designated acting officer does not serve for an unduly lengthy period while the nomination is pending. The provisions operate in tandem. Appellants' reading of the statute would shift the balance against the President. It would prevent him from designating anyone to serve as an acting officer if he submits a nomination after the 210-day period has elapsed, thus leaving the office vacant for as long as the Senate takes to consider it. *See* Opening Br. of Appellants at 34, Reply Br. of Appellants at 12. For in appellants' view, § 3346(a)(2) is "nothing more than a tolling provision" and is rendered inoperative when the period to be tolled has expired. Reply Br. of Appellants at 4. We will not depart from the clear text of § 3346(a) to alter the incentive structure Congress created.

Appellants also insist that their interpretation would help maintain a proper balance of power between the President and Congress by preventing the executive from using

acting officers indefinitely. But adopting their view would in fact raise significant separation-of-powers concerns given its tenuous, highly inferential connection to the statutory text. The ability to control agencies by appointing their heads is a core component of the executive power vested in the President. "[I]f any power whatsoever is in its nature Executive, it is the power of appointing, overseeing, and controlling those who execute the laws." *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2197 (2020) (quoting 1 Annals of Cong. 463 (1789) (James Madison)).

While Congress has directed how the President may temporarily fill vacant offices since President Washington's first term, *see SW Gen.*, 580 U.S. at 294, this court cannot impose additional constraints on the President's appointment of acting officers without a clear congressional command, lest we infringe on the executive prerogative. Appellants would have this court prevent the President from appointing a temporary acting officer under § 3346(a)(2) and hold the position vacant until the Senate acts on a nomination— even if, as here, the President has made the entirely reasonable choice to appoint someone who already served as the acting officer under § 3346(a)(1), and an acting officer is urgently required in order to appoint the agency's ALJs.

Finally, we note that given the Eighth Circuit's decision in *Dahle*, appellants are urging us to create a circuit conflict. While courts are willing to create circuit conflicts when convinced that another circuit erred, there is a strong interest in inter-circuit uniformity on questions of federal law like this one. This is a matter of the federal government's internal organization: whether the acting head of a federal agency charged with executing the law across the nation was validly serving under the FVRA. A circuit

16

split here would result in SSA ALJ decisions being valid in the Eighth Circuit while decisions from the same time period are declared invalid in the Fourth Circuit. Given this interest in uniformity and our own view of the merits, we will not depart from the Eighth Circuit and the growing number of district courts that have rejected appellants' view.

## IV.

At the end of the day, this case concerns a simple yet important question of statutory interpretation. Did Congress, in enacting 5 U.S.C. § 3346(a), create by implication an unwritten condition that acting service during a pending nomination is allowed only if the nomination occurred during § 3346(a)(1)'s initial 210-day period? Or did Congress mean what it said when it stated simply that an acting officer may serve during the initial 210-day period *or* while a nomination is pending?

While appellants' historical arguments about the Appointments Clause might be important originalist evidence if this appeal presented a constitutional question, this case is about the correct interpretation of the Federal Vacancies Reform Act—and Congress must be free to write and amend statutes to conform to present-day conditions. When it comes to *that* question, we think the statutory text is clear: An acting officer may serve while a nomination is pending in accordance with § 3346(a)(2) regardless of whether her service under § 3346(a)(1) expired before the nomination was submitted. Berryhill therefore was properly serving as SSA Acting Commissioner when she ratified the ALJs' appointments.

The judgment of the district court is hereby affirmed.

*AFFIRMED*

17