[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13863

_____

RACHAEL M. GORECKI,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00822-AMM

_____

Before NEWSOM, BRASHER, and ED CARNES, Circuit Judges.

NEWSOM, Circuit Judge:

Rachael Gorecki advances before us an argument that has, let's say, made the rounds. She appeals the denial of her request for disability benefits, but embedded within her claim is a challenge to an acting agency head's legitimacy. In particular, Gorecki contends that Nancy Berryhill, who at the relevant time was serving her second stint as the Social Security Administration's Acting Commissioner, wasn't authorized to occupy that position under the Federal Vacancies Reform Act. Because Berryhill's acting service violated the FVRA, Gorecki's argument goes, she couldn't have properly appointed the administrative law judge who denied Gorecki's benefits application. And, to complete the chain, because the ALJ wasn't duly appointed, the denial of Gorecki's application was a nullity.

Every court of appeals to have considered the argument that Gorecki now makes has rejected it, and so did the district court below. After carefully considering the issue, and with the benefit of oral argument, we join our sister circuits and affirm the district court's judgment.

## I

### A

At the outset, a bit of statutory (and constitutional) background.

The Constitution's Appointments Clause requires that "Officers of the United States" be appointed by the President and

confirmed by the Senate—though it clarifies that Congress may vest the appointment of so-called "inferior Officers" in "the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2. By dint of these strictures, "the responsibilities of an office requiring Presidential appointment and Senate confirmation—known as a 'PAS' office—may go unperformed if a vacancy arises and the President and Senate cannot promptly agree on a replacement." *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 292 (2017). "Congress has long accounted for this reality by authorizing the President to direct certain officials to temporarily carry out the duties of a vacant PAS office in an acting capacity, without Senate confirmation"—and the Federal Vacancies Reform Act "is the latest version of that authorization." *Id.* at 293.

Section 3345 of the FVRA prescribes who may serve as an acting officer in a PAS post. It provides that, in the event of a vacancy, the "functions and duties of the office" may temporarily be performed either by (1) the "first assistant to the office" or (2) if the President "direct[s]," by (a) another officer who has been appointed and confirmed by the Senate, or (b) another officer or employee of the agency, subject to additional conditions not relevant here. 5 U.S.C. § 3345(a)(1)–(3). An acting officer under § 3345 serves "temporarily in an acting capacity subject to the time limitations of section 3346." *Id.* § 3345(a)(2).

The dispute here turns on the meaning of § 3346. In relevant part, that provision reads as follows:

> (a) Except in the case of a vacancy caused by sickness, the person serving as an acting officer as described under section 3345 may serve in the office—
>
> > (1) for no longer than 210 days beginning on the date the vacancy occurs;[1] or
> >
> > (2) subject to subsection (b),[2] once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

*Id.* § 3346(a) (footnotes added).

With that background, we turn to the facts.

**B**

This case is about the denial of Rachael Gorecki's disability-benefits claim, but its resolution turns on a dispute about the lawfulness, so to speak, of Nancy Berryhill, who served as the Social Security Administration's Deputy Commissioner for Operations during the Obama Administration. As President Obama's second term neared its end, he issued a memorandum establishing an order of succession for the Social Security Administration. That

---

[1] This 210-day period is extended to 300 days when the vacancy occurs at the beginning of a Presidential transition. 5 U.S.C. § 3349a(b).

[2] Subsection (b) provides for additional periods during which an acting officer "may continue to serve" after a nomination for the office is rejected, withdrawn, or returned to the President. 5 U.S.C. § 3346(b).

order made the Deputy Commissioner for Operations first in line to serve as Acting Commissioner if the offices of Commissioner and Deputy Commissioner became simultaneously vacant. *See* Memorandum of December 23, 2016, Providing an Order of Succession Within the Social Security Administration, 81 Fed. Reg. 96,337 (Dec. 30, 2016).

That eventuality materialized the day of President Trump's first inauguration, when the Social Security Administration's Deputy Commissioner (and then-Acting Commissioner) resigned—thus elevating Berryhill to Acting Commissioner. Berryhill served in that position for roughly the next 14 months—until the Government Accountability Office reported that her continued service violated the FVRA's time limits. Berryhill stepped down from the Acting Commissioner role but continued on as Deputy Commissioner for Operations.

It's what happened next that led to the current dispute. About a month after Berryhill vacated the Acting Commissioner post, President Trump nominated Andrew Saul to serve as Commissioner of Social Security. Upon Saul's nomination, Berryhill reoccupied the Acting Commissioner role—citing § 3346's provision authorizing acting service "once a first or second nomination for the [vacant] office is submitted to the Senate." 5 U.S.C. § 3346(a)(2). One of the acts that Berryhill took during her second stint as Acting Commissioner was to officially approve as her own the appointments of the Social Security Administration's then-serving administrative law judges. She did so in response to—and in an

effort to comply with—the Supreme Court's then-recent decision in *Lucia v. SEC*, which held that the Securities & Exchange Commission's ALJs are "Officers of the United States" and thus subject to the Appointments Clause. 585 U.S. 237, 244–52 (2018).

Gorecki applied for disability benefits and received a hearing before an ALJ whose appointment Berryhill had ratified during her second tenure as Acting Commissioner. The ALJ denied Gorecki's benefits application, and the Social Security Administration's Appeals Council denied review—thus rendering the decision final.

Gorecki sued in federal court. As relevant here, she insisted that the ALJ had no constitutional authority to issue a decision concerning her benefits application. In brief, Gorecki asserted that Berryhill's ratification of the ALJ's appointment was ineffective because her second stint as Acting Commissioner contravened the FVRA's time limits on acting service. The district court rejected Gorecki's argument "for the reasons articulated by the only appellate courts to rule on this issue"—two at the time. Mem. Op. 25, Dkt. No. 21.

This is Gorecki's appeal.

## II

While Gorecki's appeal was pending, three other courts of appeals rejected the argument she advances—bringing to five the number of circuits stacked against her position. *See Gaiambrone v. Comm'r Soc. Sec.*, No. 23-2988, 2024 WL 3518305 (3d Cir. July 24, 2024); *Rush v. Kijakazi*, 65 F.4th 114 (4th Cir. 2023); *Seago v. O'Malley*, 91 F.4th 386 (5th Cir. 2024); *Fortin v. Comm'r of Soc. Sec.*, 112

F.4th 411 (6th Cir. 2024); *Dahle v. Kijakazi*, 62 F.4th 424 (8th Cir. 2023).  We now join our sister circuits in holding that the FVRA authorized Berryhill's second stint as Acting Commissioner.[3]

### A

Gorecki asserts that Berryhill's second stint violated § 3346. As she reads § 3346(a)(2), a person may serve as an acting officer while a nomination is pending *only if* the nomination occurred while that person was serving the initial 210-day period authorized by § 3346(a)(1).  Subsection (a)(2), in other words, does nothing more than toll (a)(1)'s clock; it's not a "spring-back" provision that allows an acting officer to leave the acting position after serving for 210 days and then return while a nomination is pending.  Br. of Appellant at 8.

Properly and ordinarily understood, § 3346's plain text fore-closes Gorecki's position.  *See, e.g.*, *Wall v. Kholi*, 562 U.S. 545, 551 (2011) (observing that courts should "begin by considering the or-dinary understanding" of terms not defined in the statute).  Our sister circuits have convincingly explained why, and we'll borrow liberally from their well-reasoned opinions.

To recap, § 3346(a) authorizes an acting officer to serve "(1) for no longer than 210 days beginning on the date the vacancy occurs; or (2) . . . once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the

---

[3] We review the district court's interpretation of a statute de novo.  *Reeves v. Astrue*, 526 F.3d 732, 734 (11th Cir. 2008).

period that the nomination is pending in the Senate." 5 U.S.C. § 3346(a). The key word is the disjunctive "or"—which "signals that we should give § 3346(a)(2) its 'independent and ordinary significance,' not read it 'to modify' § 3346(a)(1)." *Rush*, 65 F.4th at 119 (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338–39 (1979)). Accordingly, "the most natural interpretation of (a)(2) is that it authorizes an independent period of acting service while a nomination is pending regardless of whether the nomination occurred during the (a)(1) period." *Id.*; *accord, e.g.*, *Seago*, 91 F.4th at 391. Further support comes from the fact that "(a)(2) delineates its own beginning and ending independent of (a)(1)—authorizing acting service from the date of such nomination until the nomination is no longer pending in the Senate." *Rush*, 65 F.4th at 119 (citation modified); *accord, e.g.*, *Seago*, 91 F.4th at 391.

To be sure, subsection (a)(2) "*can* act as a tolling provision" to (a)(1)—*i.e.*, if and when a nomination is made during the (a)(1) period—but nothing in the text confines (a)(2) to that function. *Dahle*, 62 F.4th at 427 (emphasis added); *accord, e.g.*, *Seago*, 91 F.4th at 391 ("[T]here is *nothing* in the text that says—or, arguably, even suggests—service under § 3346(a)(1) excludes someone from also serving under § 3346(a)(2)."); *Rush*, 65 F.4th at 121. That's especially true given that Congress knew how to create FVRA tolling provisions, and said so expressly when it wanted to do so. Subsection 3346(b)(1), for example, states that if a first nomination for the office is rejected, withdrawn, or returned, "the person *may continue to serve* as the acting officer for no more than 210 days after the date of such rejection, withdrawal, or return." 5 U.S.C. § 3346(b)(1)

(emphasis added). This "indicate[s] that a period of service under § 3346(b)(1) following the termination of a first nomination must be continuous with the period of service under § 3346(a)(2) that occurred while the nomination was pending"—whereas, "crucially, Congress did *not* use the phrase 'may continue to serve' in § 3346(a)(2)." *Rush*, 65 F.4th at 120; *accord, e.g., Fortin*, 112 F.4th at 423.

Both in what it says and leaves unsaid, § 3346's plain text counsels that subsection (a)(2) serves an independent "spring-back" function—and thus authorized Berryhill's second stint as Acting Commissioner.

**B**

Gorecki marshals various arguments for why subsection (a)(2) serves only a tolling function—none of which manages to dislodge the ordinary understanding of the provision's plain text.

Gorecki's principal argument trades on § 3346(a)'s preface—which says that "the person serving as an acting officer as described under section 3345 may serve in the office" for the periods laid out in subsections (a)(1) and (a)(2). She stakes her case on "serving"—a "present participle" that, she says, dictates that an acting officer must be in the acting position under (a)(1) at the time she begins her term of office under (a)(2). Br. of Appellant at 26–27. Because Berryhill wasn't "serving" as Acting Commissioner when President Trump nominated Andrew Saul, Gorecki contends, Berryhill couldn't then "spring back" into the office under (a)(2). *Id.* at 27, 43.

A single present participle is too thin a reed to provide meaningful support for Gorecki's case, especially because the term "serving" lends itself to an alternative—and better—reading.   Section 3346(a)'s preface refers to a specific kind of acting officer: one "serving as an acting officer as described under section 3345." 5 U.S.C. § 3346(a).  As our sister circuits have recognized, that language is properly understood "to specify that § 3346's time limitations apply to acting officers *whose authority derives from 5 U.S.C. § 3345 rather than some other statute.*"  *Rush*, 65 F.4th at 122; *accord Dahle*, 62 F.4th at 428; *Seago*, 91 F.4th at 392.  And that qualification makes sense, because the FVRA itself recognizes that other statutes may provide alternative, office-specific means for filling vacancies.   5 U.S.C. § 3347; *see also, e.g.*, 42 U.S.C. § 902(b)(4) (specifying that the Deputy Commissioner of Social Security shall be Acting Commissioner in the event of a vacancy in the office of the Commissioner, unless the President designates another officer of the Government as Acting Commissioner).[4]

Gorecki also tries to use § 3346(a)'s disjunctiveness to her advantage.  She argues that the "or" makes subsections (a)(1) and (a)(2) mutually exclusive—thus preventing someone like Berryhill from serving for (a)(1)'s time period, stepping down, and then coming back under (a)(2).  But "the word 'or' has an inclusive sense (A or B, or both) as well as an exclusive one . . . and is generally used in the inclusive sense." *Rush*, 65 F.4th at 120 (citation modified).

---

[4] In this appeal, the parties agree that Berryhill was serving as Acting Commissioner pursuant to the FVRA—not this office-specific statute.

Nothing in the statute suggests otherwise. And even Gorecki insists on the exclusive reading of "or" only when convenient. After all, she acknowledges that an acting officer may serve under both (a)(1) and (a)(2) if the President nominates someone during the 210-day period. There's no textual reason why the two provisions should be read to be mutually exclusive only when doing so favors Gorecki.

Gorecki separately turns to precedent, gesturing toward language in the Supreme Court's opinion in *SW General*. That decision dealt with a different provision of the FVRA that, under certain circumstances, "prevents a person who has been nominated for a vacant PAS office from performing the duties of that office in an acting capacity." 580 U.S. at 299; *see* 5 U.S.C. § 3345(b). The *SW General* Court ruled that this "prohibition . . . applies to anyone performing acting service under the FVRA," not merely to "first assistants." 580 U.S. at 299. In canvassing the statutory background, the Court briefly described the provisions relevant to this appeal—observing that "[i]n most cases, [§ 3346] permits acting service for 210 days beginning on the date the vacancy occurs; tolls that time limit while a nomination is pending; and starts a new 210-day clock if the nomination is rejected, withdrawn, or returned." *Id*. at 296 (citation modified).

Seizing on the Court's summary, Gorecki insists that subsection (a)(2) serves only to "toll[]" subsection (a)(1)'s 210-day limit. Br. of Appellant at 50. But again, Gorecki makes too much of too little—the Court's drive-by remark in *SW General* can't bear the

weight that Gorecki assigns it.  And even if this one dictum were dispositive, it still wouldn't contravene our interpretation.  That's because, as already noted, subsection (a)(2) *can* operate as a tolling provision:  "When a nomination occurs during the initial 210-day period, the nomination *does* toll (a)(1)'s time limitation." *Rush*, 65 F.4th at 122.  It's just that it doesn't have to—and, notably, "[t]he *SW General* Court expressly caveated that its description applied *in most cases*." *Id.*; *accord Dahle*, 62 F.4th at 428.  But nothing the Court said in *SW General* "foreclose[s] the existence of two independent periods of acting service" under (a)(1) and (a)(2). *Fortin*, 112 F.4th at 423 (citation modified).

Finally, Gorecki appeals to purpose.  In her telling, Congress enacted the FVRA in order to incentivize "timely presidential submissions of nominations" and to "minimiz[e] [] the period during which acting officials serve"—goals that she asserts only her interpretation advances.  Br. of Appellant at 20 (citation modified).

The foremost problem for Gorecki is that purpose can't overwrite ordinary understanding. *See Jimenez v. Dep't of Homeland Sec.*, 119 F.4th 892, 911 (11th Cir. 2024) ("When the statute is clear, our analysis ends with its plain text.").  And in any event, Gorecki fails to show how her reading better promotes Congress's supposed goal.  Under § 3346's correct reading, the President does incur a "penalty" if he fails to nominate an officer during (a)(1)'s initial period:  The acting officer must step down, leaving the position vacant.  Only when the President makes a nomination does (a)(2) allow the acting officer to return, at which point the ball is in the

Senate's court.  So, unsurprisingly, the statute's text advances its supposed objective just as well as Gorecki's preferred reading.  *See Rush*, 65 F.4th at 123.

★  ★  ★

In sum, the FVRA's plain text confirms what five other circuits have already held:  Section 3346 authorized Nancy Berryhill to serve her second stint as the Social Security Administration's Acting Commissioner—and to ratify the appointment of the ALJ who denied Gorecki's benefits application.

### III

For the reasons explained above, we **AFFIRM** the district court's judgment.

**AFFIRMED.**